JAMES W. BROWN, Public Administrator of the County of Bronx, as Administrator, etc., of ROBERT GAULT, Deceased, Respondent, *v.* HARRY KLEIN, Appellant.

First Department, November 21, 1930.

*William Lamkay* of counsel [*Max Herschaft* and *Samuel I. Poskanzer* with him on the brief; *Herschaft & Lamkay,* attorneys], for the appellant.

*William Levin* of counsel [*John C. Spallone* with him on the brief; *Charles B. McLaughlin,* attorney], for the respondent.

McAVOY, J.  The public administrator of the county of Bronx, acting for the estate of a decedent, brought suit to recover for the wrongful death of Robert Gault, sustained through the alleged negligence of the defendant in the operation of his taxicab.

The testimony in behalf of the plaintiff was to the effect that Robert Gault, prior to leaving his place of employment on August 22, 1926, telephoned his cousin that he was on his way home.  This was at one twenty-five A. M.  At one forty-five A. M. his cousin received word that he had been killed.

It was in evidence that at about two A. M. on August 22, 1926, one Kenny drove his automobile easterly over the One Hundred and Fifty-fifth street viaduct in Manhattan, turned off the viaduct and proceeded on One Hundred and Fifty-fifth street beneath the viaduct.  He was driving up the ramp leading to the entrance of his garage when he heard a crash and saw a taxicab turned upside down about five feet away from his car.  There was a piece of rail-

ing near the taxicab and a portion of the railing of the viaduct above, about ten feet in length, was broken. At first he testified that the deceased was in the back of the taxicab, halfway in and halfway out, and that the door of the taxicab was.open. He later stated, however, that outside of the chassis and wheels, the taxicab was flattened out and that the deceased was partly in and partly out of the wreckage.

A photograph taken immediately after the accident, which this witness said represented correctly what was left of the taxicab when he saw it, shows a completely demolished automobile.

His testimony was that the pavement was wet. The One Hundred and Fifty-fifth street viaduct inclined in an easterly direction at a sharp angle. There are car tracks on the viaduct, and the space between the rails and the southerly curbing of the sidewalk is about six feet. The sidewalk is five feet in width. The curbing was about six inches in height at the time the accident happened.

A police officer testified that he was standing at One Hundred and Fifty-fifth street and Bradhurst avenue, when he heard a crash, and observed the taxicab upside down under the One Hundred and Fifty-fifth street viaduct. The taxicab was flattened out and Mr. Gault was underneath the wreck, and he assisted in lifting the car up to get him out. He took the chauffeur and Mr. Gault to the hospital, where they were pronounced dead. He also testified that the roadway on the viaduct was being repaired.

An employee of defendant testified that when the taxicab left the garage on the afternoon before the occurrence of the accident, it was in good working order. He saw the taxicab after the accident and it was completely broken.

None of the witnesses saw how the accident occurred. The trial court submitted the case to the jury on the theory that there was evidence that the deceased was a passenger for hire in the defendant's taxicab, and that, therefore, a *prima facie* case was established under the doctrine of *res ipsa loquitur.*

There was no testimony that the deceased was a passenger for hire in the defendant's taxicab, and the accident was not such as could not have happened without the negligence of the defendant's driver.

There was no proof offered of the manner or rate of speed at which the defendant's automobile was being driven, so as to point to any specific negligent act of his chauffeur. The plaintiff did not attempt to offer any proof of the exact circumstances which he claimed forced the taxicab off the viaduct, whether it was due to the act of the chauffeur, a third person or persons, the physical conditions or even the act or acts of the deceased himself.

An inference that the taxicab was caused to fall through some

negligent act of the defendant, from the mere fact that it was found at the bottom of the viaduct was purely conjecture.

We find this case quite similar to that of *Salomone* v. *Yellow Taxi Corp.* (242 N. Y. 251), in which it was held that no inference of negligence can be had from the failure of the defendant to explain an accident, where there was no proof as to the surrounding circumstances or the events leading up to the accident to justify the application of the doctrine of *res ipsa loquitur*.

The plaintiff failed to prove that the deceased died as a result of the wrongful or negligent act of defendant's employee, and the motion to dismiss the complaint on that ground should have been granted.

The judgment should be reversed, with costs, and the complaint dismissed, with costs.

DOWLING, P. J., FINCH, MARTIN and O'MALLEY, JJ., concur.

Judgment reversed, with costs, and complaint dismissed, with costs.