HILDA L. SPREEN, Plaintiff, *v.* AGNES R. McCANN, Defendant.

Supreme Court, Dutchess County, September 22, 1932.

*Flannery & Supple* [*J. Gordon Flannery* of counsel], for the plaintiff.

*Brown & Gallagher* [*Oscar J. Brown* of counsel], for the defendant.

TAYLOR, GEORGE H., JR., J.    Upon the jury's answers, favorable to the plaintiff, to the specific questions of fact submitted, the court directed and the jury returned a general verdict for the amount of plaintiff's damages as assessed by the jury (Civ. Prac. Act, § 459), namely in the sum of $6,000; doing so subject to opinion (Civ. Prac. Act, § 461) without objection by counsel as to form. (See for principle — acquiescence — *Bail* v. *N. Y., N. H. & H. R. R. Co.*, 201 N. Y. 355.)    The defendant by appropriate motions to set aside the verdicts (special and general) and for a new trial, and otherwise, has submitted to the court the question of the propriety of *any* recovery by the plaintiff, urging in effect that she has no case against the defendant as a matter of law on this record. The court applied the doctrine of *res ipsa loquitur* over the objection and exception of the defendant.    I admit that the propriety of that ruling, notwithstanding my determination indicated *infra*, is not beyond the realm of debate.

The plaintiff was a guest of defendant, who was operating the automobile in which both were riding upon a public highway in Dutchess county, which highway was straight for a considerable distance on either side of the point of the accident and was smoothly paved.    Until the time of the accident the trip had been without

incident. The speed of the car was moderate and the car, as far as express evidence is concerned, was in no respect defective, but was in good running order. At least until the plaintiff rested her affirmative case upon the trial, there was no proof of defendant's negligence — *unless* the accident itself, in connection with all of the attendant circumstances shown in and inferable from the evidence, might, or did, constitute such proof, as the court in effect held that it did in ruling that the said doctrine applied and in denying the motion to dismiss at the conclusion of the plaintiff's case. Thereafter the defendant offered evidence in her defense, including some to the effect that without apparent reason the steering gear refused to work, preventing the defendant from keeping the car on the highway and causing the accident; and the plaintiff offered evidence in rebuttal which included testimony that even after the accident the steering gear was in working order, permitting the same to be turned to the left. The court held, and as I decide properly, that the plaintiff as a matter of law was not guilty of contributory negligence. It submitted to the jury the questions of fact relating (1) to the alleged negligence of the defendant and (2) to the amount of plaintiff's damages. Upon the answers to these questions the general verdict in favor of the plaintiff was directed (Civ. Prac. Act, § 459) subject and under the circumstances as aforesaid. The accident happened when the car veered to the right, left the highway and ran for a distance along a ditch beside the road, then colliding with a pole, the collision damaging the car and injuring the plaintiff guest in her person. After consideration I determine (a) that the verdict is not for excessive damages, (b) that the court's ruling on the question of contributory negligence was correct, (c) that there was no substantial error upon the court's part prejudicial to the defendant upon the trial, unless the ruling relating to the doctrine of *res ipsa loquitur* was erroneous, and (d) that the only serious question for determination is whether this doctrine was properly applied by the court to this case. After careful study I decide, in accordance with the impressive weight of authority, that said ruling was correct (See *Breen* v. *N. Y. Central & Hudson River R. R. Co.*, 109 N. Y. 297; *Griffen* v. *Manice*, 166 id. 188, 193; *Peck* v. *N. Y. Central & Hudson River R. R. Co.*, 165 id. 347; *Plumb* v. *Richmond Light & R. R. Co.*, 233 id. 285; *Morris* v. *Morris*, 84 Cal. App. 559; 258 Pac. 616; digested in 64 A. L. R. 257; see, also, Berry Automobiles [6th ed.], 208, 209, 234–236; *Mackenzie* v. *Oakley*, 94 N. J. Law, 66; *Long* v. *McLaughlin*, 3 Dom. L. Rep. [of 1926] 918, 923, as well as other cases cited *infra*), for the reason that the operation of the car was exclusively under the control of the defendant driver, and the accident was one which does not ordinarily happen without negli-

gence of such an operator. The court properly charged the jury as to the defendant's duty to come forward with evidence in explanation of the occurrence, giving proper instructions as to the burden of proof being and remaining upon the plaintiff throughout the case. The defendant did not rest, as she might have done, upon plaintiff's case and upon her motion to dismiss; but proceeded with the presentation of evidence on her own behalf — which had the effect of waiving the original motion to dismiss, and of permitting the adjudication of the rights of the parties upon all the evidence in the case. The jury, particularly in view of the circumstances attendant upon the accident, and of the unimpaired condition of the steering gear of the car inferable from the rebuttal and all other relevant evidence, was within its rights in rejecting the defendant's explanation of the occurrence and in finding her guilty of negligence which was the proximate cause of plaintiff's injuries. In other jurisdictions the doctrine of *res ipsa loquitur* has been applied in analogous situations. (See *Lawrence* v. *Pickwick Stages, Northern Division*, 68 Cal. App. 494; 229 Pac. 885; *Mansfield* v. *Pickwick Stages, Northern Division*, 68 Cal. App. 507; 229 Pac. 890; *Carlson* v. *Kansas City, Clay County & St. J. Auto Transit Co.*, 221 Mo. App. 537; 282 S. W. 1037.) The case of *Long* v. *McLaughlin* (*supra*) is one favoring plaintiff's contention, upon facts in effect the same as those herein.

The defendant relies on the rulings respectively made in *Brown* v. *Klein* (230 App. Div. 681) and *Salomone* v. *Yellow Taxi Corporation* (242 N. Y. 251) as being authority for the suggestion that the said doctrine does not apply to the facts of this case. These cases are distinguishable, however, from the one at bar, for each presented a situation in which proof of attendant circumstances was so lacking that a finding of negligence would be predicated of necessity upon the merest conjecture. *Hammond* v. *Hammond* (227 App. Div. 336), also cited by the learned counsel for the defendant, was one in which the evidence showed that an automobile skidded upon a wet pavement, which skidding might well have happened without negligence on the part of its operator. (See, however, *Mackenzie* v. *Oakley*, *supra*.) In the case just cited the language of MINTURN, J. (94 N. J. Law, 66, at p. 67) is germane to the present inquiry: " The situation presented is within the rule applicable to an accident, which suddenly and for no apparent cause happens, and yet from the very fact of its occurrence an abnormal situation is presented which bespeaks negligence in operation, under the rule of *res ipsa loquitur*, which calls upon the defendant for an explanation to exculpate herself from the legal inference or presumption of negligence arising therefrom."

Whether discussed in this memorandum or not, the several

contentions of each of the excellent lawyers in this case have been considered; and while my conclusions are adverse to the defendant, the question involved, in my opinion, is of sufficient interest and importance to warrant an appellate review of my determination.

Each motion of the defendant in relation to the special verdict of the jury and to the general verdict returned by the jury upon the direction of the court to set the same aside and for a new trial is denied. Exception to the defendant. The court at the same term as duly continued directs that judgment be entered in favor of the plaintiff against the defendant for the sum of $6,000, with interest thereon from the date of the redition of the verdict, to wit, June 15, 1932. The defendant's motion for judgment in its favor is denied. Exception to the defendant as to each and every ruling. Thirty days' stay and sixty days to make and serve a case.