gence the error was harmless, in view of the preponderance of evidence in favor of the plaintiff; but we are not satisfied that the error, in conjunction with the improper cross-examination of the defendant by trial counsel (*Graham* v. *Graham*, 142 App. Div. 131), after the defendant had conceded that the death of the intestate was caused by the accident, did not have the effect of exciting the prejudice of the jury and enhancing the damages, which at best, in view of the relation of the deceased and the party to be compensated for pecuniary loss, were to a large extent uncertain and speculative. Young, Hagarty and Davis, JJ., concur; Carswell, J., concurs in result; Lazansky, P. J., concurs for reversal unless there be a stipulation to reduce the amount of the verdict, but dissents from the fixation of the amount at $5,000, being of opinion that the verdict should be reduced to $3,000.

MEYER MICHELSON, Respondent v. ROBERTS CORPORATION, INC., and VICTOR PRODUCTS CORPORATION, Respondents, Impleaded with BANKERS-COMMERCIAL SECURITY COMPANY, INC., Appellant, and MORRIS M. BENISCH, as Trustee of the Estate of CHARLES STEEN ENGINEERING CORPORATION, a Bankrupt, Defendant.— Order denying motion to open default and modify order of January 19, 1933, reversed on the law, with ten dollars costs and disbursements, motion granted and order of January 19, 1933, vacated. Under the circumstances shown, the denial of the motion to open appellant's default was not a proper exercise of discretion. Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ., concur.

HANS MUSAUS, Respondent, v. AMERICAN HAWAIIAN STEAMSHIP COMPANY, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ.

JENNIE K. NILES, Respondent, v. THE LONDON & LANCASHIRE INSURANCE COMPANY, LTD., OF LONDON, ENGLAND, Appellant.— Order opening plaintiff's default in the non-service of her complaint affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Kapper, Carswell, Scudder and Tompkins, JJ., concur.

JENNIE K. NILES, Respondent, v. PAWTUCKET MUTUAL FIRE INSURANCE COMPANY OF PAWTUCKET, RHODE ISLAND, Appellant.— Order opening plaintiff's default in the non-service of her complaint affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Kapper, Carswell, Scudder and Tompkins, JJ., concur.

JENNIE K. NILES, Respondent, v. SECURITY INSURANCE COMPANY OF NEW HAVEN, CONNECTICUT, Appellant.— Order opening plaintiff's default in the non-service of her complaint affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Kapper, Carswell, Scudder and Tompkins, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. S. W. STRAUS & Co., INC., and Others, Defendants. LOUIS F. SCHULTZE, as Receiver of S. W. STRAUS & Co., INC., Respondent; MANUFACTURERS TRUST COMPANY, Appellant. (Appeal No. 1.)— Order requiring appellant to pay certain funds to the receiver affirmed, with ten dollars costs and disbursements. No opinion. Young, Kapper, Carswell, Scudder and Tompkins, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. S. W. STRAUS & Co., INC., and Others, Defendants. LOUIS F. SCHULTZE, as Receiver of S. W. STRAUS & Co., INC., Respondent; MANUFACTURERS TRUST COMPANY, Appellant. (Appeal No. 2.) — Order requiring appellant to pay certain funds to the receiver affirmed,

with ten dollars costs and disbursements. No opinion. Young, Kapper, Carswell, Scudder and Tompkins, JJ., concur.

WILLIAM H. SCHACK, Respondent, v. OTTO D. HECK, Appellant.— Order of the City Court of Yonkers granting reargument, and on reargument setting aside the verdict for the defendant in a tort action and directing a new trial, reversed on the law and the facts, with costs, motion denied, and verdict reinstated. The trial court's action was improvident. (*Scheuerman* v. *Knapp Coal Co., Inc.,* 238 App. Div. 874 [2nd Dept.], decided March 31, 1933, and cases cited.) Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ., concur.

MORTON SELIG, Appellant, v. BENJAMIN LAZRUS and Others, Individually and as Copartners, Doing Business under the Firm Name and Style of BENRUS WATCH COMPANY, Respondents.— Judgment in so far as appealed from unanimously affirmed, with costs. No opinion. Present — Young, Kapper, Scudder and Tompkins, JJ.; Lazansky, P. J., not voting.

HILDA L. SPREEN, Respondent, v. AGNES R. McCANN, Appellant.*— Judgment and order unanimously affirmed, with costs. In our opinion, the facts and circumstances shown in the record are sufficient to sustain the finding of the jury of the negligence of the defendant. Present — Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ. [147 Misc. 41.]

F. E. SUMMERS COAL & LUMBER COMPANY, INC., Respondent, Appellant, v. JOHN BAGSHAW, Appellant, Respondent.— Judgment, and orders, in so far as they deny the motion for a new trial, reversed on the law and the facts and a new trial granted, costs to abide the event. In all other respects the appeals from the orders are dismissed. The verdict is against the weight of the evidence on the question of reliance upon the abstract furnished by defendant at the time the mortgage was taken, it appearing, by the preponderance of credible evidence, that plaintiff had knowledge at that time of the existence of the mortgage. Further, we are of opinion that a new trial is required in the interests of justice because of the conduct of plaintiff's counsel in persisting in asking questions not competent or proper, for the purpose of exciting the prejudice of the jury. (See *Graham* v. *Graham,* 142 App. Div. 131.) Lazansky, P. J., Young, Hagarty and Davis, JJ., concur; Carswell, J., concurs upon the second ground only.

MATTHEW TANDY, Appellant, v. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Respondent.†— Order setting aside verdict of the jury and dismissing the complaint reversed on the law and the facts, with costs, motion denied and verdict reinstated, with costs. The defendant corporation is not immune from a claim for damages based upon slanderous statements alleged to have been uttered by a district superintendent while acting within the scope of his authority. ( *Kharas* v. *Collier, Inc.,* 171 App. Div. 388; *O'Brien* v. *Bates Corporation,* 211 id. 743.) The evidence justified a conclusion that Van Wagenen, the district superintendent, was acting within the implied authority from defendant, and in the prosecution of his employer's business and with a view of the furtherance thereof. (See *McLoughlin* v. *New York Edison Co.,* 252 N. Y. 202.) We think the verdict was not contrary to the weight of evidence and should not have been set aside. Young, Scudder and Tompkins, JJ., concur; Lazansky, P. J., concurs for reversal but dissents from the reinstatement of the $2,000 verdict, being of opinion that the reversal should be on condition that the plaintiff stipulate to reduce the verdict to $1,000; Kapper, J., dissents and votes to affirm the order.

*Affd., 264 N. Y. 546.       †Affd., 263 N. Y. 541.