Frank J. Kronenberg, J.
The Board of Education of the City of Buffalo, New York, petitioner and plaintiff herein, instituted an article 78 proceeding directing the respondents and defendants to show cause at Special Term of this court on July 31,1968 why an order should not be granted herein, as follows:
(1) Determining that the purported amendment to section 201 of chapter XII of the Buffalo City Ordinances was unconstitutional, ultra vires, and otherwise null and void; and for a final order annulling and vacating the determinations and actions of the respondents; directing the immediate approval by the *473 respondent Charles A. Stutzman, as Director of Buildings of the applications for building permits herein, and directing immediate issuance of said building permits for the installation and erection of said relocatable classroom units;
(2) An order enjoining and restraining all of the respondents from attempting to enforce said section 201, as amended against the petitioner or Sectional Structures, Inc. with reference to the construction and installation of said relocatable classroom units; and granting a mandatory injunction directing the respondent Charles A. Stutzman, as Director of Buildings to forthwith issue said building permits;
(3) Granting petitioner such other and further relief herein as may be just and proper.
Respondents and defendants appeared on July 31, 1968 and obtained an adjournment to August 7, 1968 to answer. However, instead of answering, respondents and defendants by notice of motion moved for a dismissal of the petition herein, pursuant to CPLR 404 (subd. [a]) and 7804 (subd. [f]), the same being returnable before this court on August 7, 1968.
Respondents and defendants gave the following grounds for dismissal of the petition herein:
1. The petition does not state facts sufficient to entitle petitioner-plaintiff to the relief requested.
(a) As a matter of law the moving papers and exhibits fail to state facts showing:
1. That the questioned amendment is unconstitutional;
ii. That the questioned amendment is unreasonable as an exercise of police power of the legislative body of the City of Buffalo;
iii. That the common council did not have the power to enact the questioned amendment;
iv. That any error of law was committed by any of the respondents-defendants;
v. That any action of any of the respondents-defendants was arbitrary, capricious or an abuse of discretion.
2. The petition does not state facts sufficient to constitute a cause of action against all or any of the respondents-defendants herein.
Respondents’ and defendants’ counsel upon the return day did not file an answer, but instead made a brief argument relative to their contention that the petition herein did not state facts sufficient to entitle petitioner and plaintiff to the relief sought, and thus did not state a cause of action. (CPLR 7804, subd. [f].)
*474 However, instead of resting after making said argument counsel elected to argue the constitutional question raised by petitioner and plaintiff.
Charts were marked for identification, exhibits put in evidence, and some two hours were spent by counsel for the respondents and defendants defending the constitutionality of the ordinance in question.
At the conclusion of respondents’ and defendants’ presentation, petitioner’s and plaintiff’s counsel was heard, and the court further permitted the amicus curice to present briefs. Briefs were filed by everyone present and the matter was submitted to the court.
Respondents and defendants instead of resting at the completion of their motion pursuant to CPLR 7804 (subd. [f]), having elected to present their argument directed to the issue raised in the petition, have waived their right to submit an answer; as a matter of fact, they may have waived their motion to dismiss. (Spreen v. McCann, 147 Misc. 41, affd. 240 App. Div. 709, affd. 264 N. Y. 546.)
Be that as it may, this court denies respondents’ and defendants’ motion to dismiss the petition herein; and the order dismissing said motion not being a final order but rather an intermediate order from which an appeal does not lie as of right (Matter of Soros v. Board of Appeals, 24 A D 2d 705), and respondents and defendants having elected to go beyond their motion to dismiss to the issue raised by the petition herein, and the question before the court being one of law only and not of fact, and all parties having been heard, and an answer being of no avail, and nothing further being required before a determination can be made, this court finds that the entire matter raised in the petition herein has been submitted to the court for its determination of the issues raised.

The question at issue is not whether the Common Council of the City of Buffalo, New York, had the power to enact an amendment to its Building Code, but ivhether said amendment was proper, valid and constitutional.

Section 201 of chapter XII of the City Ordinances, as amended June 11, 1968, is as follows:
“ § 201. Schools, special restrictions and alternate requirements. Notwithstanding any other provisions of this chapter regulating the classification, design, construction or location of buildings or structures, when there presently exists on any site a building or buildings used and occupied for school classrooms or other school purposes, no additional buildings or structures shall be erected or placed on said site unless the *475 additional building or structure is of the same type of construction as the main building located thereon.
11 Subject to the foregoing limitation, it shall be lawful to erect in this city schools and colleges, including the auditoriums and gymnasiums connected therewith, designed, constructed and used in the manner set forth herein, any other provision of this chapter to the contrary notwithstanding. This section shall only apply to such buildings or structures which do not exceed two stories in height; and this section may only take precedence over other applicable provisions.”
The Court of Appeals recently stated in Matter of Westchester Reform Temple v. Brown (22 N Y 2d 488, 493) that:
“ We have already held that facilities for religious or educational uses are, by their very nature, ‘ clearly in furtherance of the public morals and general welfare ’ * * * And when the educational or religious needs of the community have grown, so that existing structures are inadequate, the same reasoning which we applied to the initial construction or use of the facilities must pertain to a proposed expansion or modification of the facilities. In each case the test is the same.
‘ ‘ ‘ Zoning ordinances must find their justification in the police power exercised in .the interest of the public * * * “ The governmental power to interfere by zoning regulations with the general rights of the land owner by restricting the character of his use, is not unlimited, and other questions aside, such restriction cannot be imposed if it does not bear a substantial relation to the public health, safety, morals, or general welfare.” * * # > j >
The court continued: “ To these general statements, we have added the specific observation that ‘ churches and schools occupy a different status from mere commercial enterprises and, when the church [or school — added] enters the picture, different considerations apply ’ ’ ’.

Does the ordinance in question, as amended, bear a substantial relation to the promotion of the public health, safety, morals or general welfare of the community or is- it arbitrary, capricious, unreasonable, discriminatory and uncertain, as alleged by petitioner9

Can an ordinance be anything but arbitrary, capricious and unreasonable, where in the case of an old, obsolete public school building, it would be impossible to construct a modern completely fireproof addition or separate building, which was not “ of the same type of construction as the main building located thereon ”? And furthermore, how could such an ordinance *476 in any way promote the public health, safety, morals or general welfare of the community?
There are a number of older school buildings in Buffalo having wood joist floor systems, wood floors, wood stairs, and wood roof supports. Under the ordinance as amended any annex or new building would also have to have wood floors and wood stairs, etc. Isn’t this unreasonable to a point of absurdity?
Furthermore, after reading the ordinance the average man would be unable to determine how to comply with its requirements because of its uncertainty. This is further reason for voiding the ordinance. (People v. O’Gorman, 274 N. Y. 284.)
The arbitrary and capricious nature of the ordinance is further shown by its limitation to only one type of public building: schools, and the mere assimilation of types of construction has no relation to health and safety.
Section 201 of chapter XII of the City Ordinances of the City of Buffalo, New York, as amended, bears no substantial relation to the promotion of the public health, safety, or general welfare of the community, furthermore, said ordinance as amended, is arbitrary, capricious, unreasonable, discriminatory and uncertain, and an abuse of discretion, and therefore, unconstitutional.
Consequently, petitioner and plaintiff herein is entitled to and hereby is granted in all respects the relief sought in its petition.