■ MAUREEN LUCENTE et al., Appellants-Respondents, v COUNTY OF NASSAU et al., Respondents-Appellants. — In a medical malpractice action, plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (Brucia, J.), dated June 14, 1983, as amended September 10, 1984, as set aside the jury verdict as to damages and ordered a new trial on that issue, and defendants cross-appeal from so much of the same order, as amended, as denied their application to set aside the verdict as to liability on the ground, *inter alia,* that said verdict was against the weight of the evidence.

Order, as amended, affirmed, without costs or disbursements, unless within 20 days after service upon plaintiff Maureen Lucente of a copy of the order to be made hereon, with notice of entry, she shall serve and file in the office of the Clerk of the Supreme Court, Nassau County, a written stipulation consenting to reduce the jury verdict in her favor as to damages to the

principal sum of $250,000 and to entry of an appropriate judgment in accordance therewith. In the event plaintiff Maureen Lucente so stipulates, then the order, as amended, is modified by deleting the provision which set aside the jury verdict as to damages and ordered a new trial on that issue and substituting therefor a provision denying that application, and the order, as amended, is affirmed, without costs or disbursements.

In this medical malpractice action, plaintiff Maureen Lucente requested that the court charge the jury to return an itemized verdict in accordance with CPLR 4111 (subd [d]). Defendants opposed this request, and the court declined to give such a charge.

After the jury returned a verdict awarding plaintiff Maureen Lucente $750,000, defendants moved, *inter alia,* to set aside the verdict as being excessive. The court, *sua sponte,* set aside the award of damages and directed a new trial on that issue on the ground that an itemized verdict should have been submitted in accordance with CPLR 4111 (subd [d]).

On this appeal, defendants now argue that a new trial was properly ordered as the court erred in failing to comply with CPLR 4111. We note that while this provision is indeed applicable to medical malpractice actions, defendants' opposition to plaintiffs' request to charge at trial has resulted in defendants' waiver of any right to a new trial upon this ground.

We further find that the verdict of $750,000 was excessive to the extent indicated herein. Mangano, J. P., Gibbons, O'Connor and Boyers, JJ., concur.