■ CHRISTINE BUGGS, Respondent, v VETERANS BUTTER & EGG Co. et al., Appellants.—Judgment, Supreme Court, New York County (Pecora, J.), entered February 14, 1985, which, upon a jury verdict, found defendant 100% negligent and awarded plaintiff damages in the total sum of $528,138 computed as follows: $100,000 for pain and suffering, $55,000 for lost income to date, $8,138 for medical expenses to date, $290,000 for lost future income and $75,000 for future medical expenses, modified, on the law and the facts, to the extent of striking therefrom the award of $75,000 for future medical expenses and, as modified, affirmed, without costs.

The plaintiff, while crossing Broadway on foot, was struck by a van owned by the corporate defendant and operated by the individual defendant. She suffered severe damage to her left knee, requiring two surgical procedures. At the time of trial she had not resumed any type of employment.

The only testimony regarding future medical care for the plaintiff was the following testimony by her treating physician:

"Q. Doctor, is Mrs. Buggs going to require future medical care and attention?

"A. Yes.

"Q. Will that be for the rest of her life?

"A. Yes.

"Q. As part of that future medical care and attention, will any of it involve pharmaceuticals?

"A. She will need drugs. She is going to need another operation. She is going to need braces. She is going to need supports, painkillers—on and on. It is an ongoing problem which is going to get worse."

No questions were put to the witness regarding cost or expense of any portion of the future medical care. There is no other evidence in the case regarding the cost of future medical care.

On this appeal, the plaintiff concedes that the award of $75,000 was excessive. She asks this court to estimate what future costs would be and to modify the judgment accordingly. The jury's award regarding future medical costs was based entirely upon uninformed speculation. Any modification by this court would be similarly based since there was a total failure of proof regarding this aspect of damages. Concur— Sandler, Carro, Fein and Rosenberger, JJ.

Kupferman, J. P., concurs in the result only in a memorandum as follows: In view of the testimony by the physician, as set forth in this court's opinion, as to the ongoing medical care needs of the plaintiff, I do not believe that the award of $75,000 was excessive. On the other hand, the award for lost future income was excessive because the possibility of future earnings at another occupation during the work life expectancy was not taken into account.

Accordingly, I can concur in the result.