■ VIRGINIA FLEMING, an Infant, by Her Mother and Natural Guardian, EILEEN FLEMING, et al., Appellants, v KINGS RIDGE RECREATION PARK, INC., et al., Respondents, et al., Defendant.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) a judgment of the Supreme Court, Westchester County (Delaney, J.), dated November 6, 1986 which dismissed the complaint and the cross claims against the defendants Kings Ridge Recreation Park, Inc. and Bel-Aqua Company, Inc., and (2) a judgment of the same court, entered November 17, 1986, which also dismissed the complaint as against those defendants.

Ordered that the judgment dated November 6, 1986 is affirmed and the judgment entered November 17, 1986 is vacated, with one of bill of costs.

On July 27, 1978, while at Kings Ridge Recreation Park, Inc. (hereinafter Kings Ridge), the infant plaintiff who was then approximately 11 years old, fell from a three-meter diving board, landing on the concrete below. This action was commenced, sounding, *inter alia,* in negligence and products liability against Kings Ridge and the defendant Bel-Aqua Company, Inc. (hereinafter Bel-Aqua), a pool equipment distributor who supplied the diving apparatus to Kings Ridge. At trial the infant plaintiff testified that on the afternoon in question she climbed onto the diving board, walked toward the

edge of the board to talk to a friend who was in the pool, turned back and took a position between the handrails of the diving stand, and readied herself for her dive. The next thing she remembered was waking up in the hospital. While no one actually saw the infant plaintiff leave the diving board, two witnesses did testify that they saw her fall through the air and land partially on the pavement beside the diving stand and partially in the pool. In addition, evidence was offered to establish that the handrails on the diving stand were lower than those required by the National Spa & Pool Institute for diving boards of this type. At the close of the plaintiffs' case the trial court granted the respondents' motions to dismiss the complaint, and this appeal ensued.

Viewing the evidence in the light most favorable to the plaintiffs, and affording them the benefit of every favorable inference which may reasonably be drawn therefrom, we agree with the trial court's conclusion that they failed to establish a prima facie case against the respondents. While the plaintiffs did provide sufficient evidence from which the jury could conclude that the diving stand was negligently constructed because the handrails were too low *(see, Sawyer v Dreis & Krump Mfg. Co.,* 67 NY2d 328, 336-337), the record is devoid of any evidence from which a jury could conclude, based not upon speculation but upon the logical inferences to be drawn from the evidence, that this negligence was a substantial cause of the events which produced the infant plaintiff's injury *(see, Schneider v Kings Highway Hosp. Center,* 67 NY2d 743; *Ingersoll v Liberty Bank,* 278 NY 1). For similar reasons we agree that the plaintiffs failed to establish a prima facie case against the respondents under the other theories advanced.

The plaintiffs also argue that the trial court prevented them from establishing that the infant plaintiff's alleged amnesia was caused by the respondents' actions *(see, Noseworthy v City of New York,* 298 NY 76; *Schechter v Klanfer,* 28 NY2d 228). This argument is without merit. The issue of the infant plaintiff's amnesia was never raised in the complaint or bill of particulars, and, in any event, the plaintiffs never offered the expert evidence required to establish "a loss of memory and its causal relationship to defendant's fault" *(Sawyer v Dreis & Krump Mfg. Co., supra,* at 335; *Santos v City of New York,* 130 AD2d 476, 477, *lv denied* 70 NY2d 609).

We have reviewed the plaintiffs' remaining contention and find it to be without merit *(see, De Long v County of Erie,* 60 NY2d 296; *Bowe v City of New York,* 128 AD2d 495).

In view of the fact that the judgment entered November 17, 1986 merely duplicates some of the provisions of the judgment dated November 6, 1986. it is vacated. Mangano, J. P., Lawrence, Spatt and Balletta, JJ., concur.