■ Louise DePaolo et al., Appellants, v B. George Wisoff et al., Respondents.—In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from of a judgment of the Supreme Court, Nassau County (Oppido, J.), entered October 19, 1987, which, upon a jury verdict, (1) is in favor of the plaintiff Louise DePaolo and against the defendants Long Island Jewish-Hillside Medical Center and B. George Wisoff in the sum of only $250,000 for pain and suffering and is in favor of the plaintiff Lawrence DePaolo and against the defendants Long Island Jewish-Hillside Medical Center and B. George Wisoff in the sum of only $150,000, and (2) is in favor of the defendants Leonard Fine, M.D., Philip

Gelber, M.D., Robert Hamby, M.D., Daniel Weisz, M.D., Burton Rubin, M.D. and Long Island Physicians Associates, P. C. and against the plaintiffs on the issue of liability.

Ordered that the judgment is modified, on the facts and as an exercise of discretion, without costs or disbursements, by deleting the first decretal paragraph thereof, and a new trial is granted on the issue of damages only with respect to the plaintiff Louise DePaolo's cause action against the defendants Long Island Jewish-Hillside Medical Center and B. George Wisoff, unless within 20 days after service upon the defendants Long Island Jewish-Hillside Medical Center and B. George Wisoff of a copy of this decision and order, with notice of entry, they shall serve and file in the office of the Clerk of the Supreme Court, Nassau County, a written stipulation consenting to increase the verdict as to damages to Louise DePaolo for pain and suffering to $500,000 and to the entry of an amended judgment accordingly; and as so modified, the judgment is affirmed, without costs or disbursements; in the event that the defendants Long Island Jewish-Hillside Medical Center and B. George Wisoff so stipulate, then the judgment, as so increased and amended, is affirmed, without costs or disbursements.

This is an action brought by the plaintiff Louise DePaolo to recover damages for medical malpractice and derivatively by her husband arising out of mitral valve replacement surgery and the pre- and postoperative treatments connected therewith. Of the many theories of negligence advanced by her the jury found liability only on the part of the defendant Dr. B. George Wisoff on the basis that he removed the Foley catheter during the mitral valve surgery before all the air had been extracted from her heart. This caused her to suffer brain damage and she remained in a coma for weeks after the surgery. Louise DePaolo now suffers from certain neurological deficits which have rendered her partially disabled. The jury awarded her $250,000 for pain and suffering, and her husband was awarded $50,000 for past medical expenses, and $100,000 for future medical expenses. The jury awarded him nothing for loss of consortium and loss of services.

The plaintiffs' claim that the jury's verdict did not itemize the amounts of the award as required by CPLR 4111 (d) has not been preserved for appellate review since the plaintiffs did not object to the verdict sheet as submitted. They therefore waived their right to reversal on this ground (see, Lucente v County of Nassau, 106 AD2d 433).

The same conclusion applies to the plaintiffs' claim that the

verdict was inconsistent because the jury awarded nothing to Lawrence DePaolo on his derivative claim for loss of services and consortium. No objection was raised at the time of the verdict and thus no opportunity was given to the court to cure the alleged inconsistency by resubmitting the case to the jury. Therefore, that claim cannot serve as a predicate for a reversal by this court *(see, Barry v Manglass,* 55 NY2d 803, 806).

Further, we are not persuaded that the jury's award of $150,000 for past and future medical expenses was against the weight of the evidence. Specifically, the proof submitted as to Louise DePaolo's past and future medical care does not provide a basis for this court's interference with the jury's award *(see, Kavanaugh v Nussbaum,* 129 AD2d 559, *mod on other grounds* 71 NY2d 535; *Buggs v Veterans Butter & Egg Co.,* 120 AD2d 361).

However, we do find that the award to Louise DePaolo for pain and suffering was so inadequate as to shock our conscience. An award of $500,000 is justified under the circumstances *(see, Petosa v City of New York,* 63 AD2d 1016).

We have reviewed the plaintiffs' remaining contentions and find them to be without merit. Brown, J. P., Sullivan, Harwood and Rosenblatt, JJ., concur.