■ JAMES TUCKER et al., Respondents-Appellants, v SALO-MON ELIMELECH et al., Appellants-Respondents, and CITY OF NEW YORK, Respondent.—In an action to recover damages for personal injuries, etc., the defendants Salomon Elimelech and Nissim Nir Elimelch (a/k/a Nissim Nir Elimeleh) appeal from (1) a judgment of the Supreme Court, Kings County (Vinik, J.), entered December 18, 1989, which, upon a jury verdict, *inter alia,* is in favor of the plaintiff James Tucker in the principal sum of $1,500,000, and in favor of the plaintiff Sylvia Tucker in the principal sum of $300,000, and (2) an amended judgment of the same court, entered April 2, 1990, which, *inter alia,* corrected "a computation error in the computation of the interest" on the principal sums set forth in the judgment entered December 18, 1989, and the plaintiffs cross-appeal from so much of the same judgment and amended judgment as dismissed the complaint insofar as it is asserted against the defendant City of New York.

Ordered that the appeal and cross appeal from the judgment entered December 18, 1989, are dismissed, as that judgment was superseded by the amended judgment entered April 2, 1990; and it is further,

Ordered that the amended judgment is modified, on the facts and as an exercise of discretion, without costs or disbursements, by deleting the provision thereof awarding the plaintiff James Tucker the principal sum of $1,500,000, and awarding the plaintiff Sylvia Tucker the principal sum of $300,000, and substituting therefor a provision granting a new trial on the issue of damages only, unless within 20 days after service upon them of a copy of this decision and order, with notice of entry, the plaintiffs shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to the plaintiff James Tucker's damages to the principal sum of $750,000 and as to the plaintiff Sylvia Tucker's damages to the principal sum of $85,000 and to the entry of an amended judgment accordingly; and it is further,

Ordered that in the event the plaintiffs so stipulate, then the amended judgment, as so reduced and amended, is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

In the early morning hours of February 25, 1984, the plaintiff James Tucker was injured when the taxicab he was

driving collided with a station wagon operated by the defendant Nissim Nir Elimelch (a/k/a Nissim Nir Elimeleh), and owned by his father, the defendant Salomon Elimelech (hereinafter the remaining defendants), which had crossed over the median guardrail on the Belt Parkway.

We find that the trial court correctly struck the testimony of the plaintiffs' expert and dismissed the action insofar as it was against the defendant City of New York. "It is settled and unquestioned law that opinion evidence must be based upon facts in the record or personally known to the witness" *(Hambsch v New York City Tr. Auth.,* 63 NY2d 723, 725, citing *Cassano v Hagstrom,* 5 NY2d 643, 646; *DeTommaso v Fitzgerald Constr. Corp.,* 138 AD2d 341, 342). The expert witness testified that based upon his observations of 200 feet of the guardrail in the vicinity of 75th Street on the Belt Parkway in December 1987, which revealed that the guardrail measured 22 inches in height, the City of New York had failed to maintain the rail at a height of 27 inches, as required by the State of New York. He also testified that judging from the absence of new dirt at the base of the guardrail, the rail had been there for some time, and upon his review of the police accident report, he estimated that the offending station wagon had struck the guardrail at an angle of 25 degrees or less, causing it to cross over into the oncoming lanes of traffic. The record reveals, however, that no competent evidence established that the suspect guardrail had, in fact, been 22 inches in height as of the date of the accident, or that the guardrail at the accident site had not been replaced prior to his inspection. Moreover, no evidence whatsoever established that the station wagon had hit the rail at an angle of 25 degrees or less. "Speculation and surmise are not a substitute for proof and where [as here] evidence is capable of an interpretation equally consistent with the presence or absence of a wrongful act, that meaning must be ascribed which accords with its absence" *(De Mayo v Yates Realty Corp.,* 35 AD2d 700, *affd* 28 NY2d 894; *see, DeTommaso v Fitzgerald Constr. Corp., supra,* at 343).

Viewing the evidence in a light most favorable to the plaintiffs, and resolving all questions as to witnesses' credibility in the plaintiffs' favor *(see, Lipsius v White,* 91 AD2d 271), we further hold "that by no rational process could the trier of the facts base a finding in favor of the [plaintiffs] upon the evidence * * * presented" *(Blum v Fresh Grown Preserve Corp.,* 292 NY 241, 245; *see, Lipsius v White, supra).* Inasmuch as the expert's conclusions generally lacked foundation in the

record and were highly speculative, a fortiori, the jury was precluded from making a rational finding of fault on the part of the defendant the City of New York. Since "the fact finder may not render a factual determination devoid of support" *(530 E. 89 Corp. v Unger,* 43 NY2d 776, 778), and because the expert testimony was insufficient to enable the jury to reasonably infer that the City had negligently maintained the suspect guardrail, the trial court properly took "the case [against the City] out of the jury's hands" (Siegel, NY Prac § 402).

The remaining defendants contend that the trial court erred in denying their request that the verdict sheet provide separate interrogatories with respect to the issues of negligence and proximate cause. While the "issue of proximate cause is separate and distinct from the issue of negligence" *(Brogan v Zummo,* 92 AD2d 533, 535; *see, Sheehan v City of New York,* 40 NY2d 496), we hold that the trial court herein did not improvidently exercise its discretion in framing these issues conjunctively. The record fails to reveal any confusion on the part of the jury as to how to apply these legal concepts to the facts of the case.

We also find no merit to the contention that the verdict was against the weight of the credible evidence. The record reveals that the injured plaintiff did not have a reasonable amount of time within which he could have veered his car away from an impending collision with the station wagon. It appears that the jury simply did not accept the defendant driver's story that he had lost control of the station wagon because it had been hit in the rear by an automobile. The only other credible evidence established that the station wagon crashed into the guardrail and careened over it into the oncoming lanes of traffic. Given those facts, the jury was warranted in drawing the inference that the defendant driver had been negligent in his operation of the station wagon *(see, Livaccari v Zafonte,* 48 AD2d 20; *see also, Pfaffenbach v White Plains Express Corp.,* 17 NY2d 132). The jury's verdict was based upon a fair interpretation of the evidence and was, therefore, not against the weight of the evidence *(see, Nicastro v Park,* 113 AD2d 129, 135).

The claim that the trial court erred by not requiring the jury to return an itemized verdict pursuant to CPLR 4111 (f) is unpreserved for appellate review since the defendant driver and his father did not object to the verdict sheet as submitted *(see, DePaolo v Wisoff,* 152 AD2d 530, 531).

We find that the awards deviate "materially from what

would be reasonable compensation" (CPLR 5501 [c]) and were excessive to the extent indicated herein.

The remaining contentions are unpreserved for appellate review (see, CPLR 5501 [a] [3]). Thompson, J. P., Lawrence, Copertino and Santucci, JJ., concur.