■ LOUISE DePAOLO et al., Appellants, v B. GEORGE WISOFF et al., Respondents, et al., Defendants.—In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from an amended judgment of the Supreme Court, Nassau County (Goldstein, J.), entered June 19, 1990, which,

upon an order of the same court, dated June 11, 1990, (1) granted the motion of the defendants B. George Wisoff and Long Island Jewish-Hillside Medical Center to the extent of determining that the plaintiff Louise DePaolo is entitled to interest on an additur of $250,000 only from July 3, 1989, and (2) denied their cross motion to vacate the defendants' stipulation increasing the award to the plaintiff Louise DePaolo for pain and suffering by the amount of the additur and for a new trial on the issue of damages or, in the alternative, for an award of interest on the additur from June 23, 1987, is in their favor and against B. George Wisoff and Long Island Jewish-Hillside Medical Center in the sum of only $271,625. The plaintiffs' notice of appeal from the order dated June 11, 1990, is deemed a premature notice of appeal from the amended judgment entered June 19, 1990.

Ordered that the appeal by Lawrence DePaolo is dismissed, without costs or disbursements, as that plaintiff is not aggrieved thereby (see, CPLR 5511); and it is further,

Ordered that on the appeal by Louise DePaolo, the amended judgment is reversed, on the law, without costs or disbursements, the motion of the defendants B. George Wisoff and Long Island Jewish-Hillside Medical Center is denied, that branch of the plaintiffs' cross motion which was for an award of interest therein from the date of the verdict, June 3, 1987, is granted, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate amended judgment in accordance herewith.

In the instant action to recover damages for medical malpractice, the jury, after a trial, awarded the plaintiff Louise DePaolo $250,000 against the defendants Long Island Jewish-Hillside Medical Center and Dr. B. George Wisoff (hereinafter the respondents) for past and future pain and suffering. The jury verdict was rendered on June 23, 1987, and a judgment was thereafter entered on October 19, 1987. The judgment provided that the plaintiff Louise DePaolo "have judgment * * * in the sum of $250,000 for past and future pain and suffering, with interest from June 23, 1987, in the amount of $7,250". The award of interest from June 23, 1987, the date of the jury verdict, was in accordance with CPLR 5002, which provides, in pertinent part:

"5002. Interest from verdict, report or decision to judgment.

"Interest shall be recovered upon the total sum awarded * * * in any action, from the date the verdict was rendered * * * to the date of entry of final judgment."

On February 5, 1988, the defendants paid the judgment entered October 19, 1987, in full, together with accrued interest from June 23, 1987, to the date of payment.

On an ensuing appeal which raised the ground of the inadequacy of the jury verdict, this court, by decision and order dated July 3, 1989, granted the plaintiff Louise DePaolo a new trial on the issue of damages with respect to her cause of action to recover damages for pain and suffering, unless the defendants stipulated to an increase in her award by an additional $250,000, and to the entry of an amended judgment accordingly *(DePaolo v Wisoff,* 152 AD2d 530). Specifically, this court, in its decision and order dated July 3, 1989 *(DePaolo v Wisoff, supra,* at 531), stated: "Ordered that the judgment is modified, on the facts and as an exercise of discretion, without costs or disbursements, by deleting the first decretal paragraph thereof, and a new trial is granted on the issue of damages only with respect to the plaintiff Louise DePaolo's cause of action against the defendants Long Island Jewish-Hillside Medical Center and B. George Wisoff, unless within 20 days after service upon the defendants Long Island Jewish-Hillside Medical Center and B. George Wisoff of a copy of this decision and order, with notice of entry, they shall serve and file in the office of the Clerk of the Supreme Court, Nassau County, a written stipulation consenting to increase the *verdict* as to damages to Louise DePaolo for pain and suffering to $500,000 and to the entry of an amended judgment accordingly" (emphasis supplied). The respondents so stipulated on July 31, 1989. Their stipulation reads as follows: "IT IS HEREBY STIPULATED AND AGREED by the defendants Long Island Jewish-Hillside Medical Center and B. George Wisoff, and by the attorneys for said defendants, that the *verdict* as to damages to Louise DePaolo for pain and suffering be increased to the sum of $500,000 and that an amended judgment be entered accordingly" (emphasis supplied).

An amended judgment for the additional principal sum of $250,000 was thereafter entered on June 19, 1990. The Supreme Court adopted the respondents' view that interest on the additur should run from the date of this court's decision and order, i.e., July 3, 1989, and rejected the plaintiff Louise DePaolo's argument that interest on the additur should run from the date of the jury verdict, i.e., June 23, 1987.

We disagree with the Supreme Court's determination.

The effect of language of this court's decision and order,

dated July 3, 1989, and the respondents' stipulation dated July 31, 1989, is clear, *viz.*, the jury's verdict was increased from the principal sum of $250,000 to the principal sum of $500,000. Accordingly, pursuant to CPLR 5002, the plaintiff Louise DePaolo is entitled to the entry of an amended judgment in the principal sum of $250,000, the amount of the additur, with interest computed from the date of the jury's verdict, i.e., June 23, 1987. Accordingly, the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate amended judgment. Mangano, P. J., Bracken, Balletta and O'Brien, JJ., concur.