(April 18, 1994)

■ HAVEN ABDULLAH et al., Respondents, v CITY OF NEW YORK et al., Appellants, et al., Defendants. [612 NYS2d 597] —In a negligence action to recover damages for personal injuries, etc., the defendants City of New York and the Department of Environmental Protection of the City of New York appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Kings County (Monteleone, J.), dated January 21, 1992, as, upon a jury verdict, found that they were 80% at fault in the happening of the accident, and is in favor of the plaintiffs and against them in the sum of $1,987,964.74.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, the complaint is dismissed insofar as it is asserted against the appellants, and the action against the remaining defendants is severed.

This is an action to recover damages for personal injuries sustained by the plaintiff Haven Abdullah on November 5, 1983, at approximately 3:20 A.M., at the intersection of 60th Street and 11th Avenue in Brooklyn, when he was struck by a car driven by the defendant Dean Constantine. At the time of the accident, Abdullah was working for the Robinson Pipe Cleaning Co., as a laborer, dredging sewers through an open manhole, under a contract with the defendant City of New York. There was no testimony at trial as to how the accident happened, e.g., the speed and direction of vehicle, the condition of the driver, or the condition of the road surface. The plaintiffs alleged that Haven Abdullah's injuries were caused by the negligence of all three defendants, and that the liability of the City was based on the failure to comply with Labor Law § 200 and certain New York City Traffic Regulations. At the close of the trial, the appellants moved to dismiss, claiming that the plaintiffs had failed to show that the appellants' alleged failure to provide a safe work place under Labor Law

§ 200 was the proximate cause of Abdullah's injury. The court denied the motion. We now reverse.

Contrary to the plaintiffs' contention, the jury was improperly permitted to speculate as to the cause of Abdullah's injury (see, White v Lehigh Val. R. R. Co., 220 NY 131, 135-136; see also, Campbell v State of New York, 158 AD2d 499, 500; Kennedy v McKay, 86 AD2d 597, 598; Smith v Wisch, 77 AD2d 619, 620). There was no testimony as to how the incident actually occurred, the defendant driver never testified, and the plaintiff Haven Abdullah never saw the car prior to being struck (see, Ingersoll v Liberty Bank, 278 NY 1, 7; see also, Bernstein v City of New York, 69 NY2d 1020, 1021; Brown v Klein, 230 App Div 681; Restatement [Second] of Torts § 433B, comment a). In addition, the expert's testimony constituted pure speculation and could not serve as sufficient evidence of the cause of this particular accident (see, Tucker v Elimelech, 184 AD2d 636; see also, Shildkrout v Board of Educ., 173 AD2d 603; Garcia v City of New York, 104 AD2d 438, 439, affd 65 NY2d 805). Accordingly, the complaint is dismissed insofar as it is asserted against the appellants.

In light of the foregoing, we do not reach the appellants' remaining contentions. Balletta, J. P., Rosenblatt, Ritter and Friedmann, JJ., concur.