SECOND DEPARTMENT, APRIL, 1996

(April 1, 1996)

■ ANDREW AKERMAN et al., Appellants, v CITY OF NEW YORK, Respondent. [640 NYS2d 571] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Queens County (Goldstein, J.), dated May 3, 1994, which, after a jury trial on the issue of liability, granted the defendant's motion pursuant to CPLR 4401 for judgment as a matter of law at the close of the plaintiffs' case and (2) a judgment of the same court dated May 27, 1994, which is in favor of the defendant and against the plaintiff dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed, with costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see, Matter of Aho*, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

On July 2, 1989, at approximately 12:00 P.M., the plaintiff Andrew Akerman, who was then 16 years old, dove into the ocean at Rockaway Beach between Beach 138th and Beach 139th Streets. The plaintiff hit something and, as a result, sustained a compression fracture of the sixth cervical vertebrae, which rendered him a quadriplegic. Shortly thereafter, the plaintiffs commenced this action against the City of New York, claiming that his head had struck a submerged jetty at Beach 138th Street that was concealed by sand and water at the time of the accident. At trial, however, there was no testimony linking the jetty with the cause of Andrew's injuries since no one saw him strike the jetty or dive in its direction.

Viewing the evidence in the light most favorable to the plaintiffs and affording them the benefit of every favorable inference that may reasonably be drawn therefrom, we agree

with the trial court that they failed to establish a prima facie case of negligence against the defendant (*see, Fleming v Kings Ridge Recreation Park,* 138 AD2d 451). While the plaintiffs presented sufficient evidence from which the jury could conclude that the jetty was submerged in the water with no warning signs at the time of the accident, the record is devoid of any evidence from which a jury could conclude, based on the logical inferences to be drawn from the evidence and not speculation, that the defendant's negligence was a substantial cause of the events that produced Andrew's injuries (*see, Fleming v Kings Ridge Recreation Park, supra*).

We have reviewed the plaintiffs' remaining contentions and find them to be without merit (*see, Nicastro v Park,* 113 AD2d 129, 133; *Tucker v Elimelech,* 184 AD2d 636; *LaMotta v City of New York,* 130 AD2d 627; *Truran v Otis El. Co.,* 192 AD2d 598). Miller, J. P., Joy, Altman and Friedmann, JJ., concur.