■ KATHLEEN M. HERZOG et al., Appellants, v LEO MILLER et al., Defendants, and BETHPAGE PLAZA ASSOCIATES, Respondent. [654 NYS2d 615] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (O'Brien, J.), entered December 21, 1995, which, upon granting the motion of the defendant Bethpage Plaza Associates to set aside the jury verdict finding it 10% at fault in the happening of the accident, dismissed the complaint insofar as asserted against it.

Ordered that the judgment is affirmed, with costs.

This action arises out of an accident which occurred on June 10, 1991, in the parking lot of a shopping center owned by the defendant Bethpage Plaza Associates (hereinafter Bethpage). The plaintiffs Kathleen M. Herzog and Anne Coleman allegedly were seriously injured when they were struck by the car of the defendant Leo Miller in the parking lot. The plaintiffs commenced this action alleging, *inter alia,* that Bethpage was negligent in designing and constructing the speed bump within the parking lot. After a jury trial, Bethpage was found 10% at fault in the happening of the accident. The trial court granted the motion of Bethpage to set aside the verdict and dismissed the complaint insofar as against it.

On appeal, the plaintiffs contend that the trial court incorrectly granted Bethpage's motion as the testimony of their expert sufficiently established that the speed bump was negligently constructed. We disagree.

Opinion evidence must be based upon facts in the record or personally known to the witness (*see, Tucker v Elimelech,* 184 AD2d 636). Here, the expert's opinion that the speed bump was a substantial cause of the accident constituted speculation and could not serve as sufficient evidence of the cause of this accident (*see, Abdullah v City of New York,* 203 AD2d 397; *Tucker v Elimelech, supra*).

Viewing the evidence in the light most favorable to the plaintiffs, and affording them the benefit of every reasonable inference, we find that a rational jury in this case could not find Bethpage liable for the plaintiffs' injuries (*see, Akerman v City of New York,* 226 AD2d 326). The evidence shows that the accident occurred because Miller lost control of the car. Miller himself stated in his report to the police that the accident was caused because he lost control of his car. He specifically

recalled "pressing hard on the gas pedal and going very fast— I'm sorry—going real fast". At no time did Miller state that the speed bump contributed in any way to the accident. Therefore, the Supreme Court properly granted Bethpage's motion to set aside the verdict and dismissed the complaint insofar as asserted against it. Ritter, J. P., Copertino, Pizzuto and Krausman, JJ., concur.