extent appealed from as limited by the brief, granted plaintiff's motion to set aside the verdict insofar as to order a new trial on the issue of damages only, unanimously affirmed, without costs. Such trial shall commence forthwith. Appeal from order, same court and Justice, entered January 22, 2001, which denied plaintiff's motion for summary judgment on the issue of liability, unanimously dismissed, without costs, as moot.

While defendants are correct that, after a jury is discharged, jurors may not impeach their verdict (see, Sharrow v Dick Corp., 86 NY2d 54, 60-61), "[a] special verdict is not inviolate and may be set aside under certain circumstances" such as where the verdict is the demonstrable result of juror confusion (Wingate v Long Is. R.R., 95 AD2d 671, 672). Here, the record establishes that the trial court failed to instruct or clarify to the jury that, in making its determination of damages, it should not have taken into consideration the apportionment of liability. Also contributing to the jury's confusion in this regard was the verdict sheet, which in questions 7 and 10 referred to the "full dollar amount of damages" while requesting the jury simply to set forth damages without reference to the full dollar amount in question 9. The jury manifested its confusion by requesting clarification and guidance on the use of its apportionment of liability but the trial court's response was nonresponsive. The lack of proper instructions respecting the jury's use of its apportionment findings in reaching its award of damages was brought to the court's attention before the jury rendered its verdict and was discharged, and thus a curative instruction could have been given. Accordingly, even without considering the jurors' letters and affidavit, the record properly raises for our consideration the issue of whether the jurors' verdict accurately reflects the amount of damages the jurors intended plaintiff to receive (see, Hoffman v Domenico Bus Serv., 183 AD2d 807).

In light of the jury verdict as to liability, the appeal from the order denying plaintiff's motion for summary judgment is moot. Concur—Nardelli, J.P., Tom, Sullivan, Ellerin and Rubin, JJ.

■ In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-A. MARY JANE DAVIS, Admitted on March 5, 1984, at a Term of the Appellate Division, First Department. [739 NYS2d 815] —Respondent reinstated as an attorney and counselor-at-law in the State of New York, effective the date hereof. No opinion. Concur—Nardelli, J.P., Williams, Mazzarelli, Saxe and Ellerin, JJ. [See 240 AD2d 106.]

■ In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-A. STEPHEN SAMUEL STRICK, Admitted on October 6,