■ KELLY ANNE BREEN-BURNS, Respondent-Appellant, v SCARSDALE WOODS HOMEOWNERS' ASSOCIATION INC. et al., Appellants-Respondents. [901 NYS2d 272]—

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered November 30, 2009, which, in this slip and fall personal injury action, granted plaintiff's motion to set aside the verdict to the extent of ordering a new trial on damages, unanimously reversed, on the law, without costs, the motion denied and the verdict reinstated.

Plaintiff moved to set aside the verdict on the ground of alleged clerical error by the jury in reporting its verdict, and, alternatively, on the ground of jury confusion.

Ordinarily, jurors may not impeach their verdict once they are discharged (*see Hersh v New York City Tr. Auth.*, 290 AD2d 258, 259 [2002]). In two limited circumstances, courts have permitted the use of juror affidavits to impeach a verdict (*see generally Moisakis v Allied Bldg. Prods. Corp.*, 265 AD2d 457 [1999], *lv denied* 95 NY2d 752 [2000]; *see also Hersh*, 290 AD2d 258). One instance is where the affidavits demonstrate that a ministerial error occurred in the jury's reporting of the verdict, yet the alleged error may not concern issues of how the jury's verdict was reached (*see generally Moisakis*, 265 AD2d 457). Here, the alleged error in reporting the future damages awards involved an examination into how the jury determined the future damages awards, and thus, the alleged error was not ministerial in nature. The juror affidavits alleged that the jury intended its future damages awards to be paid "per year," notwithstanding that the verdict sheet's special interrogatories had not provided for such interpretation or award basis. Moreover, the two future awards were inexplicably based upon the jury's two disparate life expectancy findings. Additionally, the alleged intended future medical expense award was wholly unsupported by the evidence (*see generally Buggs v Veterans Butter & Egg Co.*, 120 AD2d 361 [1986]).

The remaining exception to the rule prohibiting juror impeachment of a verdict mandates proof, on the trial record, evidencing a basis for finding juror confusion. Here, there were no objections raised as to the jury charge, jury verdict sheet and jury verdict (*see generally Arizmendi v City of New York*, 56 NY2d 753 [1982]; *Barry v Manglass*, 55 NY2d 803 [1981]). Moreover, the jury was polled and affirmed their verdict. The jury verdict sheet itself, including the jury findings entered thereon, did not reflect any inconsistent or factually unsupported findings. On the face of the trial record, there was no evidence of jury confusion. As such, given the instant circumstances, the juror affidavits and the juror worksheet notes submitted by plaintiff on her motion, both of which were produced subsequent to the discharge of the jury, could not be relied upon to impeach the verdict (*see Moisakis*, 265 AD2d at 458; *cf. Hersh*, 290 AD2d 258). Concur—Tom, J.P., Friedman, Nardelli, Acosta and Abdus-Salaam, JJ.