OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, without costs.
 

 It is incumbent upon the plaintiff to present expert testimony to support allegations of malpractice
 
 (McDermott v Manhattan Eye, Ear & Throat Hosp.,
 
 15 NY2d 20, 24;
 
 Nauman v Beecher & Assoc.,
 
 24 Utah 2d 172; 7 Wigmore, Evidence [3d ed], § 2090), except where the alleged act of malpractice falls within the competence of a lay jury to evaluate
 
 (Hammer v Rosen,
 
 7 NY2d 376). This case is unusual in that the alleged architectural malpractice involves protracted delays in responding to objections raised by the New York City Department of Buildings, rather than the submission of defective plans per se. Whether the allegedly inordinate delays of defendants in complying with objections of the building department constituted architectural malpractice is not within the competence of an untutored layman to evaluate. Common experience and observation offer little guidance. Absent a standard of competent architectural practice based on expert testimony, it would be difficult, if not impossible, to form a reasoned opinion as to whether, given the nature and number of objections raised as well as other relevant attendant circumstances, a delay of two years constituted incompetent architectural practice.
 

 While plaintiff did elicit expert testimony from an architect, we agree with the Appellate Division that his testimony "is not sufficient to support a claim of negligence”. When asked to
 
 *778
 
 comment upon the elapsed time between the issuance of and responses to building department objections, the expert witness stated that there had generally been “an unusually long delay”, and that he "would say that there was an undue delay between some or many of the objections and the responses to these objections”. By limiting his opinion to "some or many” of the objections, the witness left it to conjecture whether those unduly delayed responses in particular proximately caused the failure of the construction project. The demise of the project may have been the result of defendants’ failure to comply with objections to which even the most diligent and competent architect would not have satisfactorily responded within the existent time constraints. Put another way, the expert testimony does not so much as imply that a competent architect would have timely complied with
 
 all
 
 the building department objections. While plaintiff, at the close of its case, is entitled to all favorable inferences reasonably drawn from the evidence
 
 (Patterson v Proctor Paint & Varnish Co.,
 
 21 NY2d 447), the fact finder may not render a factual determination devoid of support. We do not believe that the expert testimony in this case is sufficient to enable the jury to infer reasonably that defendants’ undue delays proximately caused plaintiff’s injury.
 

 Insofar as the breach of contract cause of action is concerned, we agree with the Appellate Division that defendants never guaranteed plaintiff that they would provide plans acceptable to the department of buildings.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler and Cooke concur in memorandum; Judge Fuchs-berg taking no part.
 

 Order affirmed.