■ DONNA MACEY, Appellant, v DRISS HASSAM, Respondent, et al., Defendant. — Appeal from that part of an order and judgment of the Supreme Court in favor of defendant Hassam, entered January 10, 1983 in Clinton County, upon a dismissal of the complaint by the court at Trial Term (Harvey, J.), after an offer of proof by plaintiff. On September 15, 1974, defendant Dr. Driss Hassam performed an emergency appendectomy on plaintiff at the Champlain Valley Physicians Hospital Medical Center, a named codefendant. At the conclusion of the surgery, Dr. Hassam used No. 2-0 mersilene sutures to close the operative site. In January, 1979, plaintiff was again seen by Dr. Hassam when she complained of a lump in the area of the surgical sutures. Plaintiff was admitted to the defendant hospital on March 18, 1979 and the following day her sinus tract was excised. On April 1, 1981, plaintiff commenced an action against Dr. Hassam and the hospital. After issue was joined, a medical malpractice panel unanimously found that defendants were not liable for any injury sustained by plaintiff. When the case was reached for trial and during jury selection, plaintiff voluntarily discontinued the negligence action against defendant hospital. Before any evidence was presented to the jury, plaintiff requested and was granted the right to make an offer of proof to the court. During the presentation, plaintiff's attorney conceded that he had no expert medical proof to support plaintiff's malpractice action against defendant Dr. Hassam and that he intended to rely on the doctrine of *res ipsa loquitur*. Upon defendant's motion, the trial court dismissed the medical malpractice claim against the remaining defendant. This appeal by plaintiff ensued. Expert

medical testimony is required to establish proximate cause and make out a prima facie case of medical malpractice unless the causal relationship is readily apparent to the jury. In the absence of such expert testimony, the claim should be dismissed (*530 East 89 Corp. v Unger,* 43 NY2d 776, 777-778). Whether and to what extent the use of No. 2-0 mersilene sutures might have contributed to plaintiff's sinus condition is not a matter of common knowledge which a lay jury could decide in the absence of expert testimony. Simply put, plaintiff, in her offer of proof, did not demonstrate that the surgical methodology employed by Dr. Hassam in 1974 was a proximate cause of her sinus condition in 1979 (see *Koehler v Schwartz,* 48 NY2d 807; *Kinch v Adams,* 46 AD2d 467, affd 38 NY2d 792). In the absence of any competent medical proof to support plaintiff's claim that the defendant doctor used improper sutures that proximately caused her 1979 condition, the complaint was properly dismissed. Order and judgment affirmed, without costs. Mahoney, P. J., Sweeney, Casey, Weiss and Levine, JJ., concur.