■ TRAVELERS INDEMNITY COMPANY, as Successor in Interest by Merger to GULF INSURANCE COMPANY as Subrogee of LEIBOVITZ STUDIO INC., et al., Respondents-Appellants, v ZEFF DESIGN et al., Defendants, Z ONE DESIGN, LLC, Appellant, and HAGE ENGINEERING et al., Respondents. [875 NYS2d 456]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered November 27, 2007, which, to the extent appealed from, granted the Hage defendants' motion for summary judgment dismissing the complaint against them, and granted defendant Z One's motion to dismiss the complaint only to the extent of dismissing the cause of action against it for professional malpractice, unanimously affirmed, with costs.

There was no waiver of subrogation in the contract and rider at issue. The court correctly found the rider did not incorporate certain provisions in the American Institute of Architects (AIA) forms which provide for a waiver of subrogation. Specifically, the "contract documents" referred to in paragraph 3 (d) (ii) of the rider are not the contract and rider. Rather, that paragraph undoubtedly referred to contracts Z One was to enter into with its subcontractors. Accordingly, Z One did not demonstrate that Leibovitz clearly and unequivocally waived any claim for subrogation.

Assuming without deciding that Z One can properly raise the argument, Travelers did not pay Leibovitz voluntarily or fail to invoke applicable exclusions in the subject policy. Accordingly, this subrogation action is not barred by Travelers' payment to its insured (cf. Employers Mut. Liab. Ins. Co. of Wis. v Di Cesare & Monaco Concrete Constr. Corp., 9 AD2d 379, 382 [1959]; Travelers Ins. Co. v Nory Constr. Co., 184 Misc 2d 366 [2000], affd 281 AD2d 956 [2001]). Once Leibovitz demonstrated the existence of the all-risk policy and the loss, Travelers bore the burden of proving that the proximate cause of the loss came within one of the exclusions (Holiday Inns Inc. v Aetna Ins. Co., 571 F Supp 1460, 1463 [SD NY 1983]). Indeed, to avoid cover-

age under such circumstances, "it is not sufficient for the all risk insurers' case for them to offer a reasonable interpretation under which the loss is excluded; they must demonstrate that an interpretation favoring them is the only reasonable reading of at least one of the relevant terms of exclusion" (*Pan Am. World Airways, Inc. v Aetna Cas. & Sur. Co.*, 505 F2d 989, 1000 [2d Cir 1974]). Therefore, it is not sufficient for Z One to suggest various policy exclusions that may apply. Rather, it must demonstrate that its interpretation of a certain exclusion is the only reasonable reading of that exclusion, and that the proximate cause of the loss fell within that exclusion. Z One has failed to meet that burden.

Z One does not set forth its theory of how the subject wall settled, nor does it offer definitive proof that one of the policy exclusions applies to that event. In any event, as the motion court found, the "Earth Movement" and "Wear and tear" exclusions appear to be limited to shifting caused by the gradual effect of natural causes, not by the sudden effect of construction activities. Furthermore, the exclusion for defective work does not apply where the damage to the property resulted from a "Covered Cause of Loss," as was the case here. Finally, the note regarding the payment to Leibovitz, which read "CELEBRITY INVOLVED AND ADJUSTMENT HAS BEEN DIFFICULT AND MUST GET OUT PAYMENT TODAY," does not lead to the conclusion that Travelers paid Leibovitz as a volunteer or that it could have disclaimed coverage on the basis of an exclusion.

The court correctly dismissed the complaint as against the Hage defendants. The record makes clear that Hage had no obligations with regard to underpinning. Indeed, pursuant to Hage's agreement with Z One, Hage was not contractually obligated to—and did not—perform any services related to the installation of underpinning, shoring or bracing, or to other stability measures. That fact was further supported by various notations on Hage's drawings and specifications, which made clear that all underpinning, sheeting, shoring or other similar required construction would be the contractor's responsibility, that the contractor was to retain a licensed professional engineer to provide all necessary designs and required inspections, and that the contractor was to provide all measures and precautions necessary to prevent damage and settlement of existing or new construction. Furthermore, while Hage filed a technical report form with the City, indicating that it would conduct controlled inspections of the shoring, structural stability and concrete, it did so only to expedite the filing process for

obtaining a construction work permit. Z One was notified of that fact and was advised that before construction was commenced, performance of these inspections should be taken over by a controlled inspection company engaged by someone other than Hage. In any event, as the motion court found, the record demonstrates that there is no evidence of negligence on Hage's part, since its specifications were not followed, and the settling happened only after there was a deviation from Hage's instructions.

Moreover, Travelers failed to include an expert's affidavit to support its conclusion that it was Hage's design "first and foremost" that failed. A claim of malpractice against a professional engineer requires expert testimony to establish a viable cause of action (see e.g. 530 E. 89 Corp. v Unger, 43 NY2d 776 [1977]). "A claim of professional negligence requires proof that there was a departure from accepted standards of practice and that the departure was a proximate cause of the injury" (D.D. Hamilton Textiles v Estate of Mate, 269 AD2d 214, 215 [2000]). Travelers failed to provide such proof from an expert in opposition to Hage's motion, and this also warranted dismissal of the complaint as against Hage.

Travelers further argues that the court erred in dismissing its causes of action for breach of contract and misrepresentation against Hage. An allegation that a party failed in the proper performance of services related primarily to its profession is a claim of professional malpractice (see e.g. Boslow Family Ltd. Partnership v Kaplan & Kaplan, PLLC, 52 AD3d 417 [2008], lv denied 11 NY3d 707 [2008]). Accordingly, while Travelers casts claims in contract and negligence, this does not mean that the allegations fall into those designated causes of action (see Matter of R.M. Kliment & Frances Halsband, Architects [McKinsey & Co., Inc.], 3 NY3d 538 [2004]), and the issue is whether the allegations set forth by the plaintiff amount to a cause of action for professional negligence.

In order to sustain the claim for misrepresentation, Travelers had to show that the damages it sustained as a result were different or supplementary to its damages sustained by reason of alleged professional malpractice (see generally Simcuski v Saeli, 44 NY2d 442 [1978]). Here, the various causes of action against Hage are based on the same allegations of professional malpractice, and Travelers failed to demonstrate any difference between these two sets of damages. While they may be termed differently by Travelers, the claim for misrepresentation is in fact a cause of action for professional malpractice, and cannot be sustained.

We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Tom, J.P., Friedman, Gonzalez, Sweeny and McGuire, JJ.