■ Jacqueline Schneer Ross, Respondent, v Northern Westchester Hospital Association, Doing Business as Northern Westchester Hospital, Appellant. [902 NYS2d 667]—In an action to recover damages for medical malpractice and negligence, the defendant appeals, as limited by its brief, from (1) so much of an order of the Supreme Court, Westchester County (Colabella, J.), entered April 28, 2009, as denied its motion pursuant to CPLR 4404 (a) to set aside so much of a jury verdict as awarded the plaintiff damages in the sum of $65,000 for rehabilitation services and for judgment as a matter of law dismissing so much of the complaint as sought to recover damages for rehabilitation services, and (2), so much of a judgment of the

same court dated July 22, 2009, as, upon the jury verdict on the issue of damages for rehabilitation services, and upon the order entered April 28, 2009, is in favor of the plaintiff and against it in the principal sum of $65,000

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed insofar as appealed from, the defendant's motion pursuant to CPLR 4404 (a) to set aside so much of the jury verdict as awarded the plaintiff damages in the sum of $65,000 for rehabilitation services and for judgment as a matter of law dismissing so much of the complaint as sought to recover damages for rehabilitation services is granted, so much of the complaint as sought to recover damages for rehabilitation services is dismissed, and the order entered April 28, 2009, is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

There is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusion reached by the jury on the issue of damages for rehabilitation services (see Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]; see also Buggs v Veterans Butter & Egg Co., 120 AD2d 361 [1986]). Accordingly, the Supreme Court should have granted the defendant's motion pursuant to CPLR 4404 (a) to set aside so much of the jury verdict as awarded the plaintiff damages in the sum of $65,000 for rehabilitation services and for judgment as a matter of law dismissing so much of the complaint as sought to recover damages for rehabilitation services.

The plaintiff's remaining contentions are without merit. Fisher, J.P., Lott, Austin and Sgroi, JJ., concur.