■ WING WONG REALTY CORP., Plaintiff, v FLINTLOCK CONSTRUCTION SERVICES, LLC, et al., Defendants. VERSATILE CONSULTING & TESTING SERVICES, INC., et al., Third-Party Plaintiffs-Respondents, v R.A. CONSULTANTS, LLC, et al., Third-Party Defendants-Appellants, et al., Third-Party Defendant. [945 NYS2d 62]—

Order, Supreme Court, New York County (Debra A. James, J.), entered February 10, 2011, which, insofar as appealed from as limited by the briefs, denied the motion of third-party defendants R.A. Consultants, LLC and Robert Alperstein, P.E. for summary judgment dismissing the third-party complaint as against them, affirmed, without costs.

Plaintiff alleges damage to its building as a result of excavation work at the adjacent construction site owned by defendant Well-Come Holdings. Third-party defendants, the project's engineering consulting firm and its principal (together, Alperstein), failed to establish prima facie that as a matter of law they could not be held responsible in part for the damage. Alperstein's responsibilities included reviewing the plans for the underpinning and recommending modifications to them; yet, their expert, while asserting that Alperstein had acted in accordance with good and accepted engineering practice, failed to indicate either that he had examined the excavation site or reviewed the drawings of the shoring and underpinning that were alleged to be faulty, let alone the particular elements of the design to which Alperstein proposed changes. Alperstein's expert therefore failed to establish that he possessed the necessary evidentiary basis for his conclusion (see Cassano v Hagstrom, 5 NY2d 643, 646 [1959]). Accordingly, third-party plaintiffs were not obligated to submit expert opinion in opposition to the motion.

The claim for contribution was properly asserted, since the property damage claim was not merely cast in breach of contract, but was based on theories of negligence and statutory liability (see Structure Tone, Inc. v Universal Servs. Group, Ltd., 87 AD3d 909, 911 [2011]). It would be premature to dismiss the claims for common-law indemnification and contribution, since it has yet to be determined whether third-party plaintiffs were at fault and barred from indemnification. Whether Alperstein was at fault and liable for contribution or indemnification also has yet to be determined, since issues of fact exist as to

Alperstein's role in the design of the shoring and underpinning and whether any act or omission on its part caused damage to plaintiff's building.

We have considered Alperstein's other contentions and find them unavailing. Concur—Mazzarelli, J.P., Saxe and Román, JJ.

Catterson, J. (dissenting). In this action, the defendant/third-party plaintiff, Versatile Consulting and Testing Services acknowledged at oral argument that the record contains no facts to support its opposition to third-party defendants' summary judgment motion. Yet it raises a novel argument in the context of third-party summary judgment motion practice: It essentially urges us to adopt an exception as to nonmovant's burden to raise a triable issue of fact, asserting that to do so at this stage will undermine its position in the main action. Unfortunately, because the CPLR does not allow for any such exception, I must respectfully dissent.

The following facts are undisputed: third party plaintiff Versatile and its principal Roman Sorokko, a construction subcontractor, brought a third-party negligence claim against, *inter alia*, R.A. Consulting, an engineering firm, and its principal Robert Alperstein, stemming from damages to a building owned by Wing Wong Realty, the plaintiff in the main action.

Versatile was hired by codefendant Well-Come Holdings to prepare, among other things, plans for the shoring and underpinning of a lot at 106 Mott Street in Chinatown. The lot is adjacent to a building at 102-104 Mott Street owned by Wing Wong. The excavation and underpinning of the lot was to be carried out by general contractor Flintlock Construction and subcontractor Diamond Point Excavating Corp., both codefendants in the principal action.

Well-Come contracted separately with R.A. Consulting, to act as the geotechnical consulting engineer for the project. R.A. Consulting's role included sampling soil at the site and making recommendations for the requirements of the underpinning design. Wing Wong alleges that its property was damaged during the excavation of the neighboring lot. As a result, the building was deemed unsafe and ordered vacated by the Department of Buildings (hereinafter referred to as DOB). Wing Wong filed a claim against, *inter alia*, Flintlock, Sorokko, and Versatile, for damages to the building and lost rents. Wing Wong's claims against Sorokko and Versatile were for strict liability pursuant to section 27-1031 of the Administrative Code of the City of New York, and for negligence related to its work and/or supervision at the premises.

Versatile subsequently initiated a third-party action against

R.A. Consulting for contribution and common-law indemnification. R.A. Consulting moved for summary judgment, arguing that it served only as a consultant to the project and made recommendations for the designs on request. Moreover, R.A. Consulting argued that Versatile was not entitled to indemnification because there was no privity of contract between the parties, and that contribution is not available where damages are based on contract. In addition, R.A. Consulting submitted an expert affidavit from Rudolph Frizzi, an engineer who opined that the recommendations made by R.A. Consulting were in accordance with good and accepted engineering practices and did not contribute to Wing Wong's damages.

In opposition, Versatile responded that, notwithstanding its contractual obligations, R.A. Consulting was "actively involved in shaping the final, filed underpinning and shoring designs." The motion court denied summary judgment to R.A. Consulting, holding that its expert failed to establish "the propriety of each of the requested revisions," and that R.A. Consulting's role in the oversight of Versatile's work was unclear. The motion court reasoned that it would be premature to grant R.A. Consulting's motion in the absence of a determination as to its negligence.

In my opinion, this was error for the following reasons: It is well settled that in order to prevail on a motion for summary judgment a movant "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact."(*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986], citing *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]); *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980].)

With the movant's burden satisfied, the burden shifts to the party opposing the motion for summary judgment "to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action." (*Alvarez*, 68 NY2d at 324.)

Further, under CPLR 3212 [i], when a summary judgment motion involves an allegation of malpractice against a licensed professional such as an engineer, a plaintiff must offer " 'proof that there was a departure from accepted standards of practice and that the departure was a proximate cause of the [plaintiff's] injury.' " (*Talon Air Servs. LLC v CMA Design Studio, P.C.*, 86 AD3d 511, 515 [1st Dept 2011], quoting *D.D. Hamilton Textiles v Estate of Mate*, 269 AD2d 214, 215 [1st Dept 2000]; *see also Travelers Indem. Co. v Zeff Design*, 60 AD3d 453 [1st Dept 2009] [affirming summary judgment for defendant where plaintiff

failed to provide expert proof in support of negligence claim against defendant engineering firm for its alleged role in an underpinning failure].)

In my opinion, the third-party defendant-movant in this case, R.A. Consulting, met its burden and established prima facie entitlement to summary judgment. On the basis of its contract with Well-Come, R.A. Consulting showed that it served as a consultant and that its responsibility was limited to reviewing plans for the underpinning, and providing memos identifying problems during excavation; but that it was Versatile that had filed the statement of responsibility with DOB.

Further, the deposition testimony of R.A. Consulting's principal indicated that Versatile was not obliged to accept his recommendations, and that, indeed, Versatile and Diamond Point failed to follow some of his recommendations in designing and carrying out the underpinning. More significantly, R.A. Consulting proffered the affidavit of an expert who had reviewed construction documents (but not shoring or underpinning drawings), memos issued by R.A. Consulting, and the deposition transcripts, and who opined that R.A. Consulting had acted in accordance with good and accepted engineering practices and did not contribute to Wing Wong's damages.

The court's determination that the expert failed to establish the propriety of *each* of the requested revisions because he did not explain the purpose of each of the recommendations improperly shifted the burden on a summary judgment motion: In light of the expert affidavit of movant R.A. Consulting, it was Versatile's burden to raise a triable issue of fact, specifically by way of an expert affidavit. (*Travelers Indem. Co.*, 60 AD3d at 455, citing *530 E. 89 Corp. v Unger*, 43 NY2d 776 [1977]; *see also Talon Air Servs.*, 86 AD3d at 515; *Sheehan v Pantelidis*, 6 AD3d 251 [1st Dept 2004] [third-party plaintiff's "failure to offer an expert affidavit was fatal to his malpractice claim against the architect"].)

Versatile failed to produce such an affidavit, or any specific factual allegations as to which, if any, recommendations were negligently made. Versatile argued only that, *insofar as Wing Wong could trace its damages to the designs*, R.A. Consulting should remain in the case since one of its revisions *may* have contributed to the design's hypothetical defects.

At oral argument, Versatile's counsel acknowledged that the record contains no facts to support opposition to the summary judgment motion. Instead, Versatile relied on the novel argument that, at this stage, pointing to defective designs recommended by R.A. Consulting—and accepted by Versatile—would

be fatal to its defense strategy in the main action. Indeed, it maintains, as it did in the court below, that the designs it provided were in no way defective and were not the cause of Wing Wong's damages, and that fault in this case belongs to the contractors Flintlock and Diamond Point for negligently carrying out the work on the property.

Notwithstanding this position, Versatile argues that until liability is determined in the main action it should be allowed to preserve its claims against R.A. Consulting in case it needs to establish R.A. Consulting's negligence at a later point in the proceedings. Admittedly, at this stage of the main action, R.A. Consulting's motion for summary judgment leaves Versatile with a Hobson's choice. On the one hand, Versatile wants to leave the door open to bring in R.A. Consulting if it is found liable in the main action; on the other hand, Versatile is aware that raising a triable issue of fact as to R.A. Consulting's negligence would involve an acknowledgment of its own complicity in that negligence.

Unfortunately, while Versatile's posture may elicit sympathy it cannot substitute for legal authority. Versatile would, in essence, have this Court adopt a rule that would impose a lesser standard on a third-party plaintiff where it is unable—or chooses not—to make out a prima facie case in opposition to a motion for summary judgment. Thus, third-party defendants could not prevail on summary judgment motions in indemnification cases where the primary defendant's negligence has not yet been determined. However, there is no CPLR exception to summary motion practice involving third parties. (*See* CPLR 3212 [b],[i]; *see also Tungsupong v Bronx-Lebanon Hosp. Ctr.*, 213 AD2d 236, 238 [1st Dept 1995] ["(r)ank speculation is no substitute for evidentiary proof" in an attempt to defeat a motion for summary judgment].)

For the foregoing reasons, I would reverse and grant summary judgment to R.A. Consulting. **[Prior Case History: 2011 NY Slip Op 30525(U).]**