■ ALBERT MICHAEL, Respondent, v HE GIN LEE ARCHITECT PLANNER, PLLC, et al., Appellants. [61 NYS3d 236]—

In an action, inter alia, to recover damages for professional malpractice, the defendants appeal from a judgment of the Supreme Court, Queens County (Ritholtz, J.), entered April 16, 2015, which, upon a jury verdict in favor of the plaintiff, and upon the denial of their motion pursuant to CPLR 4404 (a) to set aside the verdict and for judgment as a matter of law or, in the alternative, to set aside the verdict as contrary to the weight of the evidence and for a new trial, is in favor of the plaintiff and against them in the principal sum of $3,400,000.

Ordered that the judgment is reversed, on the law, with costs, that branch of the defendants' motion which was pursuant to CPLR 4404 (a) to set aside the verdict and for judgment as a matter of law is granted, and the complaint is dismissed.

A motion pursuant to CPLR 4404 (a) to set aside a jury

verdict and for judgment as a matter of law will be granted where there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusion reached by the jury on the basis of the evidence presented at trial (*see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *Ross v Northern Westchester Hosp. Assn.*, 74 AD3d 1047 [2010]).

Where, as here, the causes of action submitted to the jury hinge on allegations of professional malpractice against an architect, it is incumbent upon the plaintiff to present expert testimony to support them (*see 530 E. 89 Corp. v Unger*, 43 NY2d 776, 777 [1977]). Specifically, the plaintiff in this case alleged that the defendants committed professional malpractice by submitting defective plans to the New York City Department of Buildings (hereinafter the DOB), and by failing to diligently pursue the approval process and timely deal with objections raised by the DOB. Such questions are not within the competence of untutored laypersons to evaluate, as "[c]ommon experience and observation offer little guidance" (*id.* at 777).

The only expert proffered by the plaintiff conceded that he "didn't see" the defendants' plans, and when asked, for instance, to opine on whether the defendants' plans "would have caused a problem" regarding the roof's ability to bear the weight of certain HVAC equipment, he demurred, answering, "No, I only work for myself." Moreover, the expert offered no opinion regarding the defendants' alleged delay in getting their plans approved by the DOB. Given the absence of any expert testimony that the defendants departed from accepted architectural standards of practice (*see Bruno v Trus Joist a Weyerhaeuser Bus.*, 87 AD3d 670, 672 [2011]; *Kung v Zheng*, 73 AD3d 862, 863 [2010]), the jury lacked any rational basis for its finding that the defendants committed professional malpractice (*see 530 E. 89 Corp. v Unger*, 43 NY2d at 777-778; *Tucker v Elimelech*, 184 AD3d 636, 637-638 [1992]). Accordingly, that branch of the defendants' motion pursuant to CPLR 4404 (a) which was to set aside the verdict and for judgment as a matter of law should have been granted, and the complaint dismissed.

In light of our determination, we need not reach the defendants' remaining contentions. Chambers, J.P., Miller, Hinds-Radix and LaSalle, JJ., concur.