Appeal from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated June 26, 2015. The order, insofar as appealed from, granted the defendants’ motion for summary judgment dismissing the complaint and denied the plaintiffs’ cross motion for summary judgment.
 

 Ordered that the order is affirmed insofar as appealed from, with costs.
 

 The plaintiffs, J. Maurice Herman and Windsor Plaza, LLC (hereinafter Windsor), commenced this action to recover damages for professional malpractice and breach of contract. They alleged in the complaint that Windsor owned a building located at 952 Fifth Avenue in Manhattan, and Herman owned the unused development rights associated with the building. In 2003, they retained the defendants, the architectural firm Franke, Gottsegen, Cox Architects (hereinafter FGCA), Erika N. Frank, and Norman R. Cox, to determine the maximum extent to which the building could be enlarged under the applicable codes and regulations. The defendants reported that the building could be enlarged to add an additional 22,161 square feet.
 

 The plaintiffs alleged that, based on that report, they decided to enlarge the building by only 12,161 square feet, and to donate a restrictive covenant on the unused 10,000 square feet to the National Architectural Trust (hereinafter the NAT). Herman took a tax deduction on his 2003 personal income tax return for the value of the 10,000 square feet. The Internal Revenue Service (hereinafter the IRS) disallowed the deduction, resulting in years of litigation before the United States Tax Court, which ultimately ruled in favor of the IRS.
 

 The plaintiffs then commenced this action, alleging that, pursuant to the Multiple Dwelling Law, the maximum permissible enlargement of the building was only approximately 12,000 square feet, not 22,161 square feet, and that if the defendants had accurately calculated the extent to which the building could be expanded, Herman would not have attempted to donate the unused 10,000 square feet to the NAT and taken a deduction for the donation. The defendants moved for summary judgment dismissing the complaint, and submitted an affidavit from Cox, a licensed architect, who affirmed, with a reasonable degree of architectural certainty, that the defendants’ determination that the building could be enlarged to add an additional 22,161 square feet was correct. The plaintiffs opposed the motion and cross-moved for summary judgment, submitting only an affidavit from Herman. The Supreme Court granted the motion and denied the cross motion, and the plaintiffs appeal.
 

 A claim of professional malpractice requires proof that there was a departure from the accepted standards of practice and that the departure was a proximate cause of the injury (see Bruno v Trus Joist a Weyerhaeuser Bus., 87 AD3d 670, 672 [2011]; Kung v Zheng, 73 AD3d 862, 863 [2010]; Estate of Burke v Repetti & Co., 255 AD2d 483 [1998]). It is incumbent upon the plaintiff to present expert testimony to support allegations of malpractice (see 530 E. 89 Corp. v Unger, 43 NY2d 776, 777 [1977]; McDermott v Manhattan Eye, Ear & Throat Hosp., 15 NY2d 20, 24 [1964]), except where the alleged act of malpractice falls within the competence of a lay jury to evaluate (see 530 E. 89 Corp. v Unger, 43 NY2d at 777; Hammer v Rosen, 7 NY2d 376, 380 [1960]).
 

 Here, the Supreme Court correctly concluded that the determination of the maximum enlargement of the building permissible under New York law was the type of determination that required specialized knowledge, and thus, that expert evidence testimony was required to determine whether the defendants exercised due care in making that determination (see 530 E. 89 Corp. v Unger, 43 NY2d at 777; Michael v He Gin Lee Architect Planner, PLLC, 153 AD3d 704 [2017]). The defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint by submitting, inter alia, the affidavit from Cox, a licensed architect. As the plaintiffs failed to offer an affidavit from an expert, they failed to establish their entitlement to judgment as a matter of law and failed to raise a triable issue of fact to rebut the defendants’ prima facie showing.
 

 The plaintiffs’ remaining contentions are without merit.
 

 Accordingly, the Supreme Court properly granted the defendants’ motion for summary judgment dismissing the complaint, and denied the plaintiffs’ cross motion for summary judgment.
 

 Leventhal, J.P., Barros, Brathwaite Nelson and Christopher, JJ., concur.