Yelena Kim, Appellant,
against
Stephen E. Zawie, Bensonhurst Veterinary Care, and Joanne Ruggiero, Respondents. 




Yelena Kim, appellant pro se.
Salvatore J. Sciangula of counsel, for respondent Joanne Ruggiero.
Connick, Myers, McNamee & Fitzgerald, P.L.L.C. (Kristen M. Mitaritonna of counsel), for respondents Stephen E. Zawie and Bensonhurst Veterinary Care.

Appeal from an order of the Civil Court of the City of New York, Kings County (Richard J. Montelione, J.), entered November 21, 2017. The order granted a motion by defendants Stephen E. Zawie and Bensonhurst Veterinary Care for summary judgment dismissing so much of the complaint as was asserted against them, and, in effect upon searching the record, also dismissed the complaint as against defendant Joanne Ruggiero.




ORDERED that the order is affirmed, without costs.
In this veterinary malpractice action arising out of an allegedly improper treatment of plaintiff's dog, Zoye (also known as Zoey), by defendant Dr. Joanne Ruggiero and defendant Dr. Stephen E. Zawie, the owner of defendant Bensonhurst Veterinary Care (Bensonhurst), plaintiff seeks to recover the principal sum of $25,000. Defendants filed answers denying the allegations in the endorsed complaint. In her response to the bill of particulars, plaintiff alleged that Drs. Zawie and Ruggiero had failed to timely diagnose Zoye, born December 13, 2010, with pyometra, failed to discuss any possible complications that could happen during and after surgery, and failed to perform a surgery on September 20, 2013 with care, which led to injury to Zoye's ureter and subsequent surgery. 
Defendants Dr. Zawie and Bensonhurst moved for summary judgment dismissing the complaint. In support of the motion, defendants submitted an expert affidavit from a licensed veterinarian who averred that based on the medical records, it was his opinion, with a reasonable degree of medical certainty, that none of the defendants had departed from good and accepted veterinary practice in their treatment of Zoye. In opposition, plaintiff submitted an affirmation, noting some immaterial factual inconsistencies made in defendants' papers, and an affidavit by her mother, who has a master's degree in biology science, rebutting some findings in defendants'
expert's affidavit. The court subsequently afforded plaintiff an additional three weeks from the motion's return date to submit supplemental opposition papers to include an expert's affidavit. 
In supplemental papers, plaintiff submitted an undated email from a forensic veterinarian, [*2]who stated that he had reviewed the majority of documents submitted with respect to Zoye but that he would like more time so that he could consult with his "colleagues who were previously involved in the medical and surgical aspects of this case." He indicated that one of his "colleagues" has been "resistan[t]" to discuss the pathology report findings with him. He requested a three- to four-week postponement of the motion "until after this critical collegial discussion." 
By order entered November 21, 2017, the Civil Court granted the motion by defendants Dr. Zawie and Bensonhurst, stating that plaintiff had failed to rebut those defendants' prima facie showing with an affidavit from an expert veterinarian and, upon in effect searching the record, also dismissed the complaint as against defendant Dr. Ruggiero.
Generally, in a malpractice action, expert opinion is necessary to establish the applicable standard of care, as well as a deviation from such standard, which resulted in injury, unless the matter is one within the experience and observation of the average layperson (see generally 530 E. 89 Corp. v Unger, 43 NY2d 776 [1977]; Macey v Hassam, 97 AD2d 919 [1983]). While expert opinion may be dispensed with in veterinary malpractice actions "where the very nature of the acts complained of bespeaks improper treatment and malpractice" (Mathew v Jerome L. Klinger, D.V.M., P.C., 179 Misc 2d 609, 610 [App Term, 2d Dept, 9th & 10th Jud Dists 1998] [internal quotation marks omitted]; see also Matter of Restrepo v State of New York, 146 Misc 2d 349, 355 [Ct Cl 1989], affd 179 AD2d 804 [1992]), this is not such an action.
Here, the moving papers included an affidavit by an expert which made a prima facie showing of a lack of malpractice on the part of any of the defendants. In opposition, neither the affidavit by plaintiff's mother, who is not a veterinarian and not a qualified expert, nor the unsworn email from a forensic veterinarian raised an issue of fact as to whether defendants' treatment of Zoye was not in conformity with accepted veterinary standards of practice (see DeCurtis-Slifkin v Kolbert, 248 AD2d 428 [1998]; Harrington v Berg, 5 Misc 3d 135[A], 2004 NY Slip Op 51488[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2004]).
As plaintiff's remaining contentions lack merit, we find that the Civil Court properly dismissed the complaint as against all three defendants, including Dr. Ruggiero, a nonmoving party (see Dunham v Hilco Constr. Co., 89 NY2d 425 [1996]; Amore Partners, Inc. v Mephisto, Inc., 222 AD2d 473 [1995]).
Accordingly, the order is affirmed.
WESTON and ELLIOT, JJ., concur.
PESCE, P.J., taking no part.
ENTER:
Paul Kenny
Chief Clerk
January 10, 2020
Decision Date: January 10, 2020