Matter of Lenahan v Chandler (2020 NY Slip Op 06057)





Matter of Lenahan v Chandler


2020 NY Slip Op 06057


Decided on October 27, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 27, 2020

Before: Kapnick, J.P., Webber, González, Shulman, JJ. 


Index No. 154955/18 Appeal No. 12193 Case No. 2019-04225 

[*1]In re Robert Lenahan, Petitioner,
v
Rick D. Chandler, etc., et al., Respondents.


Tesser, Ryan & Rochman, LLP, White Plains (Lewis Tesser of counsel), for petitioner.
James E. Johnson, Corporation Counsel, New York (Claibourne Henry of counsel), for respondents.



Determination of respondents, dated January 30, 2018, which, after a hearing, found that petitioner knowingly and negligently made false statements on three reports, and, inter alia, barred him from submitting any more applications or filings, unanimously confirmed, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Melissa A. Crane, J.], entered April 30, 2019), dismissed, without costs.
There is substantial evidence in the record to support each sustained charge and specification (CPLR 7803[4]; see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights , 45 NY2d 176, 179-180 [1978]) alleging that petitioner "knowingly or negligently ma[d]e . . . a material false statement" in exterior inspection reports (Administrative Code of City of NY § 28-211.1) and that those reports demonstrated "negligence" of applicable laws and rules (1 RCNY 21-02[a][1]). On the two Brooklyn properties, there were rusting lintels, cracked brickwork, and broken mortar joints left without repairs, despite petitioner's reports that all items were repaired and that there were no existing unsafe or "safe with repair" items. The evidence also supports the conclusion that petitioner was aware that the chimneys had certain defects, that those defects needed repair, and that petitioner did not report those items. On the Manhattan property, substantial evidence supports the conclusion that petitioner was aware of significant cracks in terra cotta running vertically up one corner of the building but did not report this condition despite his admission that it was a "safe with repair" item that he was supposed to include in the inspection report.
Contrary to petitioner's contention, respondents' determination was not affected by an error of law due to any failure to proffer expert testimony on the standard of care (see CPLR 7803[3]). Petitioner's failure to report visible deterioration, which he admitted was required, "falls within the competence of a lay [person] to evaluate" (530 E. 89 Corp. v Unger , 43 NY2d 776, 777 [1977]).
We find that the penalty imposed is not "so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness" (Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale and Mamaroneck, Westchester County , 34 NY2d 222, 233 [1974]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 27, 2020