## Aguirre v 635 Madison Fee Prop. Owner LLC

2024 NY Slip Op 33392(U)

September 26, 2024

Supreme Court, New York County

Docket Number: Index No. 151111/2021

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   HON. MARY V. ROSADO

PART   33M

_Justice_

-------------------------------------------------------------------X

JEAN AGUIRRE,

                Plaintiff,

- v -

635 MADISON FEE PROPERTY OWNER LLC,TECTONIC
BUILDERS INC.,BRONXDALE ELECTRIC
INC.,IRONWOOD REALTY CORPORATION, RICHEMONT
NORTH AMERICA, INC.,MONTBLANC,

                Defendant.

-------------------------------------------------------------------X

RICHEMONT NORTH AMERICA, INC., and MONTBLANC,

                Plaintiff,

- v -

TECTONIC BUILDERS INC.

                Defendant

-------------------------------------------------------------------X

TECTONIC BUILDERS INC.

                Plaintiff,

- v -

PRACTICAL PLUMBING AND HEATING INC.

                Defendant.

-------------------------------------------------------------------X

INDEX NO.            151111/2021

MOTION DATE         08/31/2024

MOTION SEQ. NO.          005

**DECISION + ORDER ON MOTION**

Third-Party
Index No.154132/2021

Second Third-Party
Index No.  595529/2021

The following e-filed documents, listed by NYSCEF document number (Motion 005) 212, 213, 214, 215, 216, 217, 218, 219, 220, 221, 222, 223, 224, 225, 226, 227, 228, 229, 230, 231, 232, 233, 234, 235, 236, 237, 238, 239, 240, 241, 242, 243, 263, 264, 268, 269, 306, 307, 310

were read on this motion to/for                     **JUDGMENT - SUMMARY**

151111/2021   AGUIRRE, JEAN vs. 635 MADISON FEE PROPERTY
Motion No.  005

Page 1 of 4

[* 1]

Upon the foregoing documents, Defendant Bronxdale Electric Inc.'s ("Bronxdale") motion for summary judgment dismissing all claims and crossclaims asserted by Defendants and Third-Party Defendants against it is granted.

## I.      Background

This action arises out of personal injuries sustained by Plaintiff Jean Aguirre ("Plaintiff") as a result of alleged violations of New York's Labor Law. Plaintiff was injured after he fell from an allegedly defective ladder. For a more thorough recitation of the facts, the reader is referred to the Court's Decision and Order on motion sequence 003.

As is pertinent to this motion, Bronxdale served as an electrician subcontractor on the worksite located at 635 Madison Avenue, New York, New York (the "Worksite"). Bronxdale only kept one ladder at the Worksite, which was stored on the first floor and secured with a chain and lock. The only individual who had a key to the lock was Bronxdale's foreman, Mr. Castillo. The only people with authority to use Bronxdale's ladder were Bronxdale employees. Plaintiff's testimony is that he fell off a green ladder, which was provided by Third-Party Defendant Practical Plumbing and Heating Inc. ("Practical Plumbing"), not Bronxdale.

Moreover, plaintiff was injured on January 29, 2021. Mr. Castillo was off on the day of Plaintiff's accident, and the uncontroverted testimony is that Mr. Castillo locked the ladder up before leaving the site the day prior. Plaintiff has discontinued his claims against Bronxdale (NYSCEF Doc. 228).

Bronxdale now seeks summary judgment dismissing all claims and cross-claims against it. Bronxdale argues there can be no claim against it because there is no evidence that it acted negligently or that its negligence was the proximate cause of Plaintiff's injuries.

[* 2]

In response, Defendant Tectonic Builders LLC ("Tectonic") writes that it has no objection to the Court dismissing the action against Bronxdale Electric Inc. (NYSCEF Doc. 268). Defendants 635 Madison Fee Property Owner LLC, Ironwood Realty Corporation, Richemont North America, Inc., and Montblanc (collectively "Owner Defendants") "concede that it does not appear likely that this Court will determine that Bronxdale was negligent with respect to Plaintiff's alleged accident." Practical Plumbing submitted no opposition. Nor did Plaintiff, who has already discontinued his claims against Bronxdale.

In reply, Bronxdale asserts that Owner Defendants in their own motion assert that Plaintiff's accident arose out of Practical's work. They also highlight testimonial evidence that Plaintiff only received directions from Practical Plumbing and never had any interactions with anyone at Bronxdale at the Worksite.

## II.      Discussion

To establish a claim for common-law indemnification, the one seeking indemnity must show not only that the indemnitor was guilty of some negligence that contributed to the cause of the accident, but also that the party seeking indemnification was not negligent (*Winkler v Halmar International, LLC*, 206 AD3d 458 [1st Dept 2022]). Likewise, a claim for contribution is only appropriate where it can be shown that the party against whom contribution is sought contributed to some wrongdoing (*Wing Wong Realty Corp. v Flintlock Const. Services, LLC*, 95 AD3d 709 [1st Dept 2012]).

Based on the undisputed testimonial evidence, and the fact that the numerous parties have either discontinued their claims against Bronxdale, do not oppose Bronxdale's dismissal, or recognize that this Court likely will not find Bronxdale was negligent with respect to Plaintiff's alleged accident, the Court grants Bronxdale's motion for summary judgment. Simply put, there

[* 3]

is no evidence that Bronxdale contributed in any way to Plaintiff's accident, nor has any party raised any facts that would indicate that Bronxdale in some way contributed to or caused Plaintiff's accident. Therefore, Bronxdale's motion seeking summary judgment is granted.

Accordingly, it is hereby,

ORDERED that Bronxdale's motion for summary judgment seeking dismissal of all claims/crossclaims/counterclaims/third-party claims asserted against it is granted, and Bronxdale is hereby dismissed from this case; and it is further

ORDERED that within ten days of entry, counsel for Bronxdale shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment accordingly.

This constitutes the Decision and Order of the Court.

| 9/26/2024 | | *Mary V Rosado JSC* |
|-----------|--|---------------------|
| **DATE** | | **HON. MARY V. ROSADO, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | x | NON-FINAL DISPOSITION | | |
|------------|---|---------------|---|---|----------------------|---|---|
| | x | GRANTED | | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

[* 4]