**Thump, LLC v Michael De Luna AIA, Architect, P.C.**

2025 NY Slip Op 30748(U)

March 4, 2025

Supreme Court, New York County

Docket Number: Index No. 655885/2019

Judge: Lori S. Sattler

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  PART 02M

------------------------------------------------------------------------------------X

THUMP, LLC,

                              Plaintiff,

                    - v -

MICHAEL DE LUNA AIA, ARCHITECT, P.C.,YOSHINORI
NITO ENGINEERING AND DESIGN, P.C.,JOHN DOES #1
- 25, ABC CORPS #1 - 25,

                           Defendant.

------------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 655885/2019 |
| **MOTION DATE** | 04/26/2024, 05/13/2024, 05/15/2024 |
| **MOTION SEQ. NO.** | 003 004 005 |

**DECISION + ORDER ON MOTION**

YOSHINORI NITO ENGINEERING AND DESIGN, P.C.

                           Plaintiff,

                  -against-

CHRISTIAN SOBERANIS, CHRISTIAN SOBERANIS D/B/A
FORMADA STUDIO, FORMADA STUDIO LLC, ALTZ GROUP,
INC.

                           Defendant.

------------------------------------------------------------------------------------X

Third-Party
Index No.  596076/2021

YOSHINORI NITO ENGINEERING AND DESIGN, P.C.

                           Plaintiff,

                  -against-

AGCI, INC

                           Defendant.

------------------------------------------------------------------------------------X

Second Third-Party
Index No.  595727/2022

HON. LORI S. SATTLER:

The following e-filed documents, listed by NYSCEF document number (Motion 003) 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 205, 213, 214, 215, 216, 217, 218, 270, 271, 272, 273, 274, 275, 276, 277, 278, 279, 280, 281, 282, 283, 284, 285, 286, 287, 288, 289, 290, 291, 292, 293, 294, 295, 296, 297, 298, 299, 300, 301, 302, 303, 304, 305, 306, 307, 308, 309, 310, 311, 312, 313, 314, 315, 316, 317, 318, 319, 322, 325, 341, 342, 343, 344

were read on this motion to/for              DISMISS                          .

655885/2019   THUMP, LLC vs. MICHAEL DE LUNA AIA,
Motion No.  003 004 005

Page 1 of 9

1 of 9

The following e-filed documents, listed by NYSCEF document number (Motion 004) 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 207, 225, 226, 227, 228, 229, 230, 231, 232, 233, 234, 235, 236, 237, 238, 239, 240, 241, 242, 243, 244, 245, 246, 247, 248, 249, 250, 251, 252, 253, 254, 255, 256, 257, 258, 259, 260, 261, 262, 263, 264, 265, 266, 267, 268, 269, 320, 323, 326, 328, 329, 330, 331, 332, 333, 334, 335, 336, 337, 338, 339, 340, 345, 346, 347, 348

were read on this motion to/for _____PARTIAL SUMMARY JUDGMENT_____.

The following e-filed documents, listed by NYSCEF document number (Motion 005) 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 206, 208, 209, 210, 211, 212, 219, 220, 221, 222, 223, 224, 321, 324, 327, 349, 350, 351, 352

were read on this motion to/for _____JUDGMENT - SUMMARY_____.

In this action alleging breach of contract and professional malpractice, defendant Michael De Luna AIA, Architect, P.C. ("De Luna") moves to dismiss the Complaint of plaintiff Thump, LLC ("Plaintiff") as against it in Motion Sequence 003. Defendant Yoshinori Nito Engineering and Design, P.C. ("YNED") moves for partial summary judgment dismissing certain of Plaintiff's damages claims against it in Motion Sequence 004, and De Luna cross-moves for the same relief. Plaintiff opposes both motions and moves for summary judgment in Motion Sequence 005 on its breach of contract and professional malpractice claims against De Luna and YNED.

Plaintiff is the owner of a three-story townhouse located at 295 Eckford Street in Brooklyn ("the Townhouse"). In 2014, Plaintiff began a renovation and addition project that called for the construction of a penthouse and the expansion of the Townhouse's rear. Plaintiff hired first third-party defendant Christian Soberanis d/b/a Formada Studio ("Formada") as the project's designer, De Luna as the architect of record, and YNED as structural engineer. De Luna was paid $4,000 for its services, and YNED was paid $15,080.

De Luna was responsible for preparing architectural plans based on Formada's designs and filing those plans with the Department of Buildings ("DOB") (NYSCEF Doc. No. 163, De

**655885/2019  THUMP, LLC vs. MICHAEL DE LUNA AIA,**
Motion No.  003 004 005

**Page 2 of 9**

2 of 9

Luna Contract at 1). De Luna submitted the initial architectural plans to the DOB in December 2014. The DOB denied these plans and returned them with comments as they did not comply with the relevant Building Code egress requirements. In October 2015, De Luna filed a Construction Code Determination to have the plan approved under a different code, which was also rejected (NYSCEF Doc. No. 112). De Luna revised the architectural plans and resubmitted them to the DOB in October 2016, which approved them in November 2017.

Work on the Townhouse expansion commenced in October 2018. During demolition of the roof, the general contractor discovered that the brick load bearing walls that were to support the penthouse were only two layers of brick thick ("two wythe") rather than the three layers thick ("three wythe") assumed by the structural and architectural designs. Plaintiff contends that this factor rendered the plans prepared by YNED and De Luna unconstructable, as the walls were unable to support the planned penthouse. Plaintiff thereafter retained a new design team to undertake an altered renovation that did not include a penthouse (NYSCEF Doc. No. 142, Levengood aff ¶¶ 14-15).

Plaintiff asserts that De Luna caused years of delays in the approval of the project by failing to submit plans that adhered to the applicable Building Code. It further claims that De Luna and YNED caused additional delays and expenses by failing to confirm the assumption in their respective designs that the load bearing walls were three wythe. Plaintiff commenced this action in October 2019 asserting causes of action for breach of contract, breach of the covenant of good faith and fair dealing, professional malpractice, and negligent supervision, and now claims over $1.1 million in damages.

In support of its motion for summary judgment (Motion Sequence 005), Plaintiff argues that there is no issue of fact that YNED and De Luna failed to identify the load bearing walls as

655885/2019  THUMP, LLC vs. MICHAEL DE LUNA AIA,                    Page 3 of 9
  Motion No.  003 004 005

3 of 9

[* 3]

three wythe in their designs and therefore should be held liable for breach of contract and professional malpractice. In opposition, YNED and De Luna maintain that this was outside the scope of their respective contracts and professional duties.

On a motion for summary judgment, the moving party "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (*Winegrad v New York Univ. Med. Center*, 64 NY2d 851, 853 [1985], citing *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Should the movant make its prima facie showing, the burden shifts to the opposing party, who must then produce admissible evidentiary proof to establish that material issues of fact exist (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

When the rights and obligations of an owner and design professional, such as an architect or engineer, "arise out of their contractual relationship, the owner may sue in contract or tort and the scope of evidence admissible on the issue of liability under either theory is the same" (*Brushton-Moira Cent. School Dist. v Fred H. Thomas Assocs., P.C.*, 91 NY2d 256, 260-261 [1998]). Additionally, "in claims against professionals, '[a] legal duty independent of contractual obligations may be imposed by law as an incident to the parties' relationship. Professionals . . . may be subject to tort liability for failure to exercise reasonable care, irrespective of their contractual duties'" (*17 Vista Fee Assocs. v Teachers Ins. & Annuity Ass'n of Am.*, 259 AD2d 75, 83 [1st Dept 1999], quoting *Sommer v Fed. Signal Corp.*, 79 NY2d 540, 551 [1992]).

"A claim of professional negligence requires proof that there was a departure from accepted standards of practice and that the departure was a proximate cause of the injury" (*Travelers Indem. Co. v Zeff Design*, 60 AD3d 453, 455 [1st Dept 2009], quoting *Hamilton*

**655885/2019   THUMP, LLC vs. MICHAEL DE LUNA AIA,**    **Page 4 of 9**
  **Motion No.  003 004 005**

*Textiles v Estate of Mate*, 269 AD2d 214, 215 [1st Dept 2000]). A "plaintiff owner may introduce evidence, including expert testimony, to demonstrate that the [professional] failed to use due care in the performance of its contract obligations or that the [professional's] performance fell short of the applicable professional standards" (*Brushton-Moira Cent. School Dist.*, 91 NY2d at 261). "It is well settled that summary judgment should be denied where there is a disagreement between the parties' experts, assuming the expert's opinion are supported by the record" (*Cabrera v Golden*, 231 AD3d 149, 160 [1st Dept 2024]; *see also Kung v Zheng*, 73 AD3d 862 [2d Dept 2010]).

Here, the parties each offer conflicting expert opinions as to the scope of YNED and De Luna's contractual obligations and whether they deviated from their respective professional standards of care. Plaintiff's experts concluded that De Luna breached his standard of care by, *inter alia*, failing to provide an egress analysis prior to submitting the first iteration of plans to the DOB, designing and submitting non-code compliant plans, and erroneously stating in its plans that the walls were three wythe without qualifying that this was an assumption (NYSCEF Doc. No. 148, Plaintiff report at 19-20). As to YNED, Plaintiff's experts determined that it was responsible for checking all project design assumptions and that it should have conducted probes of the load bearing walls to determine their thickness (*id*).

In contrast, De Luna's expert concluded that it did not deviate from accepted architectural standards in submitting an initial application to the DOB that was rejected for lacking a second egress, since requests for reconsideration were routine practices in relation to this issue (NYSCEF Doc. No. 212, De Luna report at 2). Its expert further found that it was not De Luna's responsibility to confirm the assumptions about structural matter such as the thickness of load bearing walls (*id*. at 3). YNED's expert found that it was not the thickness of the load bearing

655885/2019   THUMP, LLC vs. MICHAEL DE LUNA AIA,
Motion No.  003 004 005

Page 5 of 9

[* 5]

walls but rather their deteriorated condition that prevented the construction of the penthouse and that this damage would only have been discoverable after demolition began and not at the design stage (NYSCEF Doc. No. 224, Fradua aff. ¶¶ 6-7). This expert concluded that YNED's designs were "consistent with good and accepted structural engineering practice" and that YNED adhered to its standard of care (*id.* ¶ 3).

Plaintiff argues in the alternative that YNED and De Luna should be found liable for malpractice based on their alleged unprofessional conduct in violation Sections 6509 and 7209 Education Law. These statutes do not "provide for a private right of action by an individual who sustains damages as a result of professional misconduct defined therein" (*Requa v Coopers & Lybrand*, 303 AD2d 159 [1st Dept 2003]; *see also Rizzo v Estate of Pilifrone*, 192 AD3d 564 [1st Dept 2021]). Accordingly, Plaintiff's motion for summary judgment on its breach of contract and professional malpractice claims against YNED and De Luna is denied in its entirety.

De Luna moves in Motion Sequence 003 for dismissal of all claims and cross-claims against it. The branches seeking dismissal of the breach of contract and malpractice claims are denied for the reasons set forth above.

De Luna next moves for dismissal of Plaintiff's cause of action alleging breach of the covenant of good faith and fair dealing. The covenant "embraces a pledge that 'neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract'" (*511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 153 [2022], quoting *Dalton v Educ. Testing Serv.*, 87 NY2d 384, 389 [1995]) and encompasses "any promises which a reasonable person in the position of the promisee would be justified in understanding were included" (*id.*, quoting *Rowe v Great Atl. & Pac. Tea Co.*, 46 NY2d 62, 69 [1978]). Here, the Complaint alleges that De Luna breached the covenant "by

655885/2019 THUMP, LLC vs. MICHAEL DE LUNA AIA,
Motion No. 003 004 005

Page 6 of 9

6 of 9

acting arbitrarily in the amounts charged for services and in carrying out the services for the Project" (Complaint ¶ 69). The Complaint does not allege any facts in support of this conclusory allegation and Plaintiff does not adduce any evidence in support of it in its opposition. The Court therefore finds that De Luna is entitled to dismissal of this cause of action.

Plaintiff's last cause of action against De Luna alleges negligent supervision of the work. The Complaint asserts that "De Luna agreed to supervise the Project" and that it failed to do so, causing damages (Complaint ¶¶ 97-98). Plaintiff does not offer any details in support of this conclusory allegation, which is further belied by the scope of service set forth in the De Luna Contract. Along with architectural services, the agreement specified certain "Construction Services": four site visits "to perform Firestops, Fire Rated Construction, special and progress inspections and architectural energy code inspections (De Luna Contract at 2). These provisions do not enumerate or imply any promise by De Luna to supervise the project. De Luna is accordingly entitled to dismissal of the negligent supervision cause of action.

The remainder of De Luna's motion seeks dismissal of any cross-claims against it. In its Answer, YNED interposes a cross-claim for apportionment, contribution, and indemnification. This branch of De Luna's motion is denied as there are issues of fact as to both De Luna and YNED's liability for professional malpractice, and dismissal of this cross-claim would therefore be premature (*Wing Wong Realty Corp. v Flintlock Const. Services, LLC*, 95 AD3d 709, 709-710 [1st Dept 2012]).

In Motion Sequence 004, YNED moves and De Luna cross-moves for summary judgment dismissing Plaintiff's consequential damages claims. They contend Plaintiff should only be able to recover a maximum of the $180,463.09 in alleged compensatory damages stemming from planning, pre-preparation, and a few days of demolition through October 2018.

**655885/2019  THUMP, LLC vs. MICHAEL DE LUNA AIA,**                **Page 7 of 9**
  **Motion No.  003 004 005**

[* 7]                                      7 of 9

In addition to compensatory damages, Plaintiff maintains that it is entitled to $463,048 in consequential damages stemming from, *inter alia*, lost rental and business income and the cost of rehousing Plaintiff's principal, Mr. Levengood, and his family for the duration of the project, and an additional $457,798.61 for the cost of repairs and hiring new design professionals (NYSCEF Doc. No. 136, damages spreadsheet).

YNED and De Luna argue that Plaintiff should be limited to compensatory damages because these were the expenses it incurred at the time its causes of action accrued against them in October 2018, and that they should not be liable for Plaintiff's subsequent expenses as Plaintiff failed to mitigate its damages when it hired a new design team. In opposition, Plaintiff maintains that it is entitled to all its alleged damages because economic damages are recoverable in cases of professional malpractice, that it did mitigate its damages by retaining a new design team for the project, and that its alleged damages were proximately caused by YNED and De Luna's actions.

The measure of damages in an action alleging defective design or construction "is the cost to repair the defects or, if the defects are not remediable, the difference in value between a properly constructed structure and that which was in fact built" (*Brushton-Moira Central School District*, 91 NY2d at 261-262). A plaintiff may recover for economic losses under a breach of contract theory in a defective design case (*cf., e.g., Dormitory Auth. Of the State of N.Y. v Samson Constr. Co.*, 30 NY3d 704, 711-712 [2018]; *Children's Corner Learning Ctr. v A. Miranda Contr. Corp.*, 64 AD3d 318, 324-325 [1st Dept 2009]). Here, Plaintiff maintains its breach of contract cause of action against both YNED and De Luna as the Court has found material issues of fact to their liability. Summary judgment dismissing Plaintiff's consequential

655885/2019 THUMP, LLC vs. MICHAEL DE LUNA AIA,
Motion No. 003 004 005

Page 8 of 9

damages claims would therefore be premature, and accordingly the Court denies YNED's motion and De Luna's cross-motion seeking this relief.

Accordingly, it is hereby:

ORDERED that the motion of defendant Michael De Luna AIA, Architect, P.C. (Motion Sequence 003) for dismissal of plaintiff's Complaint is granted to extent of dismissing the fourth and eighth causes of action for breach of the covenant of good faith and fair dealing and negligent supervision, respectively, as against said defendant, and the motion otherwise denied; and it is further

ORDERED that the motion of defendant Yoshinori Nito Engineering and Design, P.C. and cross-motion of defendant Michael De Luna AIA, Architect, P.C. of for partial summary judgment dismissing certain damages  (Motion Sequence 004) is denied in its entirety; and it is further

ORDERED that the motion of plaintiff Thump, LLC for summary judgment (Motion Sequence 005) is denied in its entirety.

This constitutes the Decision and Order of the Court.

| **3/4/2025** | | | | |
|---|---|---|---|---|
| **DATE** | | | **LORI S. SATTLER, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

[* 9]